[Civ. No. 9312. Second Appellate District, Division One.—April 9, 1935.]

E. HOYT, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

Laselle Thornburgh for Appellant.

Charles F. Blackstock for Respondent.

EDMONDS, J., *pro tem.*—Plaintiff recovered judgment upon the verdict of a jury for damage to a trailer struck by one of the trains of the defendant railway at a crossing in the city of Oxnard. The points presented by the defendant on appeal are that the evidence shows that the driver of the truck was guilty of contributory negligence as a matter of law; that there is no evidence of negligence on the part of the defendant; and that the court erred in instructing the jury.

By the court's instructions the jury was given the definition and effect of a presumption and told that "it is presumed that plaintiff's servant and employee, George

Owen, used due care and did everything that a reasonable, prudent person would have done under the same circumstances to avoid the collision and that he was not negligent''. It was also told, as requested by plaintiff, that ''in weighing the evidence in this case you may consider this presumption of care on the part of said George Owen as evidence in the case and weigh it against other evidence in the case to determine whether or not said plaintiff's servant and employee, George Owen, was guilty of contributory negligence, and, if the evidence, if any, introduced here of negligence on the part of said plaintiff's servant and employee does not produce conviction in your minds, then you are not bound to decide in conformity with such evidence as against the presumption of due care, but may decide that question in conformity with the presumption that said plaintiff's servant and employee, George Owen, was not negligent''. The court refused to give an instruction requested by the defendant to the effect that the law presumes that the defendant was not negligent and which, in language almost identical with that of the last-quoted instruction, directed the jury to weigh and consider this presumption in behalf of the defendant against other evidence to determine whether or not the defendant was negligent. Appellant contends that the plaintiff was thus given the benefit of the presumption in his favor while the jury could reasonably conclude that the same rule did not apply to the defendant.

In the case of *Olsen* v. *Standard Oil Co.*, 188 Cal. 20, 25 [204 Pac. 393], the court approved the following instruction: ''The presumption is that every man obeys the law and the presumption in this case is that the plaintiff was traveling at a lawful rate of speed and on the proper side of the highway at all times. This presumption is in itself a species of evidence and it shall prevail and control your deliberations until and unless it is overcome by satisfactory evidence.'' In *Tyson* v. *Burton,* 110 Cal. App. 428, 434 [294 Pac. 750], the reason and authority for an instruction on this subject was considered at length, and the court said: ''Just how this instruction can be considered proper, where each party to an automobile collision charges the other with the sole negligence which resulted in the collision, and the circumstances attending the collision are fully testified to by the respective parties and also by eyewitnesses, does not

clearly appear." The court also said in that case: "It would seem that both parties would be equally entitled to the presumption of taking ordinary care for his own welfare, and also that he was obeying the law." This appears to us to be the only logical conclusion which can be reached.

■ Where the same standard of care applies equally to each of two parties, an instruction stating the rule as applying to one without any reference to its application to the other places them in different positions before the jury. This is misleading to the jury (19 Cal. Jur. 754; *Howard* v. *Worthington,* 50 Cal. App. 556 [195 Pac. 709]), and the error of the trial court in refusing to give the instruction requested by the defendant is cause for reversal if, after an examination of the entire cause, including the evidence, it appears that as a result of such error there has been a miscarriage of justice. (Const., art. VI, sec. 4½.)

■ At the time of the accident the railway company maintained five tracks crossing Third Street. The plaintiff's driver was operating a very large truck and trailer on this street, approaching the tracks from east to west in the middle of the afternoon of a clear day. The railroad tracks cross this street on a curve which limits the vision of one looking for trains coming from the north. The main line was the center track of the five, and as one approached them from the east the farther north one could see. It is uncontradicted that at a distance of 10 feet from the center of the main line track, one could see the track to the north for only 800 feet.

The driver of the truck testified that he stopped it about 10 feet from the main line track and looked both north and south; that he saw no train approaching in either direction, and heard no bell nor whistle; that he then started his truck in low gear, and that when the front of the truck was about in the center of the track, he saw a train bearing down upon him from the north at a distance of 150 yards. He estimated the speed of the train at the time at thirty-five to forty miles per hour.

The engineer of the train testified on behalf of the defendant that his position on the engine, as the train approached the crossing, was on the side opposite from that from which the truck was approaching; that because of the curve he could not see the track as he approached the cross-

ing for more than thirty or forty feet ahead; that he did not see the truck before the accident; that the train was running twenty-five or twenty-six miles per hour with the engine bell ringing continuously; that he had blown the whistle for the station and also for the crossing at the distances prescribed for each; that "the fireman hollered 'hold her'" and that he immediately set the air brakes for an emergency stop. The fireman testified that when he first saw the truck it·was in motion 60 or 65 feet east of the tracks; that the engine was then 250 feet from the crossing; that he did not realize that the truck was not going to stop until it was about 8 or 10 feet from the track at which time he "hollered for the engineer to hold 'em hard". He also testified that the engineer had whistled for the station and the crossing some distance north of the place of the accident and that the engine bell was ringing continuously.

Other eye-witnesses to the accident testified, and the evidence as to the precautions taken by the truck driver before driving on to the track and the care exercised by the engine crew in approaching the crossing is in direct conflict. If a verdict had been rendered by the jury in favor of the defendant it would be supported by the evidence. It is presumed that the jury followed the court's instructions and we cannot estimate to what extent the instruction concerning the presumption of due care on the part of the truck driver influenced the jury to find a verdict against the defendant. The error is, therefore, substantial and requires a reversal of the case for a new trial. (*Zolkoske* v. *United States F. & L. Co.*, 72 Cal. App. 63 [236 Pac. 344].) It is, therefore, unnecessary for us to consider the other points raised.

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 1, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 6, 1935.