[Civ. No. 8261.   Third Dist.   Sept. 4, 1953.]

ANNA PLOTTS, Appellant, v. ELVIN O. ALBERT et al., Respondents.

Willens & Boscoe for Appellant.

William C. Burns and Robert K. Barber for Respondents.

VAN DYKE, P. J.—Plaintiff - appellant, Anna Plotts, sought by this action to recover damages for injuries which she received while she was a tenant of a trailer rented to her by defendants-respondents. She alleged that her injuries resulted from a fall caused by stumbling over a stake protruding from the ground in an area reserved for the common use of the tenants of a trailer court owned and operated by respondents. The jury returned a verdict in favor of respondents, and plaintiff appeals.

Briefly, the evidence shows the following. Appellant was a woman 91 years of age. She was walking on or near a pathway in an area commonly used by trailer tenants. She stumbled over some object which she neither saw nor identified. From the testimony of other witnesses it could be properly inferred that the object was a small stake about three inches wide and less than an inch thick, embedded in the ground with the top protruding an inch or more above the surface. The stake was somewhat obscured from view by grass. No question is or could be raised that appellant was not lawfully using the area where she fell or that it was not an area for the common use of tenants.

Appellant urges reversal for the giving of an instruction on assumption of risk, and further claims that the evidence is insufficient as a matter of law to sustain the jury's verdict. We are satisfied that as to the latter assignment of error it cannot be sustained, and that in view of the evidence the issues as to respondent's negligence in the maintenance of their premises, and of appellant's contributory negligence in failing to see the stake over which it could have been inferred she fell, were equally questions of fact for the jury's determination. As to the first assignment of error, however, a different situation is presented.

■ Respondents requested that the court instruct the jury upon assumption of risk, and the court in doing so used an instruction which appears in "California Jury Instructions, Civil," commonly called "B.A.J.I." It is instruction No. 207 therein, and is intended as a general statement of the rule. Adapted to this case, it reads as follows:

"There is a legal principle commonly referred to by the term 'assumption of risk' which now will be explained to you:

"One is said to assume a risk when she freely, voluntarily and knowingly manifests her assent to dangerous conduct or to the creation or maintenance of a dangerous condition, and voluntarily exposes herself to that danger, or when she knows,

*or in the exercise of ordinary care would know,* that a danger exists in either the conduct or condition of another, or in the condition, use or operation of property, and voluntarily places herself, or remains, within the area of danger.

"One who thus assumed a risk is not entitled to recover for damage caused her without intention and which resulted from the dangerous condition or conduct to which she thus exposed herself." (Italics added.)

Shortly after this case was tried the Supreme Court, in *Hayes* v. *Richfield Oil Corp.*, 38 Cal.2d 375 [240 P.2d 580], held this instruction to be erroneous in so far as it included within the doctrine the concept that risk could be assumed without knowledge thereof, as stated in the foregoing italicized portion of the instruction. Said the Supreme Court, at pages 384-385:

"The trial court properly refused to give instructions requested by Richfield which misstated the law relating to the doctrine of assumption of risk. These instructions were to the effect that one assumes a risk 'when he knows, or in the exercise of ordinary care would know, that a danger exists' and voluntarily places himself within the area of danger, and that, to bar recovery, plaintiff must have actual knowledge of the danger 'or the conditions must be such that he would have such knowledge if he exercised ordinary care.' ██ The doctrine of assumption of risk is based on the theory that there has been a voluntary acceptance of a risk, and such acceptance, whether express or implied, requires knowledge and appreciation of the risk. (See Rest., Torts, § 893; Prosser on Torts [1941], pp. 377-386; 10 So.Cal.L.Rev. 67, 74.) ██ Where the facts are such that the plaintiff must have had knowledge of the hazard, the situation is equivalent to actual knowledge, and there may be an assumption of risk; but where it merely appears that a person could or should have discovered the danger by the exercise of ordinary care, the defense is not assumption of risk but contributory negligence."

In the 1952 pocket part of B.A.J.I. the publishers say (p. 101):

". . . In the light of this most recent opinion [*Hayes* v. *Richfield Oil Corporation*], the words 'or in the exercise of ordinary care would know' . . . must be omitted. Unless this is done the instruction will be erroneous. It now seems clear that the doctrine of assumption of risk may not apply unless the person in question had actual knowledge of the danger."

■ In this case the evidence was sharply conflicting. Therefrom the jury could have found that respondents, in the maintenance of their premises, were not negligent. Equally the jury could have found, under the erroneous instruction given, that appellant, had she exercised proper care for her own safety, could have known of the presence of the stake over which she fell and had therefore assumed the risk of its presence. From this record we cannot tell upon what the jury based its verdict, that is, whether on a correct premise or on a premise derived from the error in the instruction. Under such circumstances the error is substantial and requires a reversal of the judgment appealed from. (*Hoyt* v. *Southern Pac. Co.*, 6 Cal.App.2d 49, 53 [44 P.2d 363].)

The judgment appealed from is reversed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied September 30, 1953.