[L. A. No. 22826.   In Bank.   Jan. 29, 1954.]

MARY R. PRESCOTT, Appellant, v. RALPHS GROCERY
COMPANY (a Corporation), Respondent.

Kenny & Morris and Eleanor V. Jackson for Appellant.

Moss, Lyon & Dunn, Richard B. Coyle and Henry F. Walker for Respondent.

GIBSON, C. J.—Plaintiff brought this action to recover damages for injuries sustained when she fell on the sidewalk near an entrance to defendant's grocery store. The jury returned a verdict for defendant, and plaintiff has appealed claiming that the judgment should be reversed because the court assertedly erred in instructing the jury.

Plaintiff testified that she parked her car at the rear of defendant's store and walked to the entrance, using the sidewalk adjacent to the building. After making a purchase, she left the store and noticed that there was "a lot of water" on the sidewalk and that there was no dry area between the building and the curb through which she could walk. She had not noticed any water when she entered the store. Upon "very carefully" taking three or four steps on the wet sidewalk, plaintiff slipped on something and fell. She did not see any foreign substance in the water, but it looked dirty. Her dress was soiled, and, after it dried, there were "little flakes of something" on it.

An employee of defendant testified that vegetables were unloaded at a receiving door near where plaintiff fell and that, occasionally, he had seen vegetable matter on the sidewalk. On the day of the accident he found some refuse there which he placed in a garbage container. He then washed the walk with two buckets of hot water and swept it "completely clear of water." According to his testimony nothing was left on the walk except some dampness. About 15 or 20 minutes later someone reported to him that a woman had fallen on the walk. After the accident, some parts of the walk were damp and other parts appeared to be dry.

A preliminary question is presented as to the matters which plaintiff is entitled to raise on this appeal. She asserts that the trial court erred in giving certain instructions and in refusing to give others. Defendant claims that, by reason of a stipulation, plaintiff is limited to the asserted error in *refusing* to give requested instructions. Plaintiff originally elected to use a settled statement on appeal which asserted that "the point to be raised by plaintiff on appeal is the contention that the trial court erred in refusing to give plaintiff's requested instructions Nos. 1 to 6 as hereinabove set forth." Thereafter defendant agreed to advance the cost of preparing clerk's and reporter's transcripts if plaintiff would proceed by that method, and the parties stipulated in writing to use the transcripts as the record on appeal. The stipulation, which incorporates the quoted language set forth above,

does not state that the recited contention is the only point to be raised, and plaintiff asserts that the language was used therein merely because defendant, who prepared the stipulation, copied the wording from plaintiff's proposed settled statement. While such a provision is appropriate as part of a settled statement, it does not appear to have been intended as a waiver of any points which plaintiff desired to make on the present record, and in the absence of a clear showing of such intent, plaintiff should not be precluded from raising any points she may have.

Plaintiff contends that the trial court erred in giving instructions* to the effect that ''One is said to assume a risk when she freely . . . and voluntarily exposes herself to [a] danger, or when she knows, *or in the exercise of ordinary care would know,* that a danger exists,'' and that to bar recovery on this ground ''the person in question must have actual knowledge of the danger, *or the conditions must be such that she would have such knowledge if she exercised ordinary care.''* (Italics added.) ▮ The defenses of assumption of risk and contributory negligence are based on different theories. Contributory negligence arises from a lack of due care. The defense of assumption of risk, on the other hand, will negative liability regardless of the fact that plaintiff may have acted with due care. (See Prosser on Torts [1941], p. 377.) ▮ It is available when there has been a voluntary acceptance of

---

*The challenged instructions read as follows:

''Defendant's Instruction No. 23. There is a legal principle commonly referred to by the term 'assumption of risk,' which now will be explained to you:

''One is said to assume a risk when she freely, voluntarily and knowingly manifests her assent to dangerous conduct or to the creation or maintenance of a dangerous condition, and voluntarily exposes herself to that danger, or when she knows, or in the exercise of ordinary care would know, that a danger exists in either the conduct or condition of another, or in the condition, use or operation of property, and voluntarily places herself, or remains, within the area of danger.

''One who thus assumed a risk is not entitled to recover for damage caused her without intention and which resulted from the dangerous condition or conduct to which she thus exposed herself.

''Defendant's Instruction No. 24. It should be noted that to bar recovery, assumption of risk must be voluntary. To be voluntary, these two factors must be present: First, the person in question must have actual knowledge of the danger, or the conditions must be such that she would have such knowledge if she exercised ordinary care. Second, she must have freedom of choice. This freedom of choice must come from circumstances that provide her a reasonable opportunity, without violating any legal or moral duty, to safely refuse to expose herself to the danger in question.''

a risk and such acceptance, whether express or implied, has been made with knowledge and appreciation of the risk. (See Rest., Torts, § 893.) ▮ Where the facts are such that the plaintiff must have had knowledge of the hazard, the situation is equivalent to actual knowledge, and there may be an assumption of the risk, but where it merely appears that he should or could have discovered the danger by the exercise of ordinary care, the defense is contributory negligence and not assumption of risk. (*Hayes* v. *Richfield Oil Corp.*, 38 Cal.2d 375, 385 [240 P.2d 580] ; see Prosser on Torts [1941], p. 386.) ▮ In the present case, the instructions are erroneous since they permitted the jury to find that plaintiff had assumed the risk without finding that she had actual knowledge of the danger. (*Hayes* v. *Richfield Oil Corp.*, 38 Cal.2d 375, 384-385 [240 P.2d 580] ; *Plotts* v. *Albert*, 120 Cal.App.2d 105 [260 P.2d 621].)

We cannot agree, however, that the court erred in refusing any of the instructions requested by plaintiff. In the first of these instructions the court was asked to tell the jury that "You are instructed as to the doctrine of assumption of risk that the law is, that while a person assumes the perils which are naturally incident to the position he has taken, *he does not assume dangers which come only from the negligent act of another.*" (Italics added.) ▮ As we have seen, the elements of the defense of assumption of risk are a person's knowledge and appreciation of the danger involved and his voluntary acceptance of the risk. It follows that a person, if he is fully informed, may assume a risk even though the dangerous condition is caused by the negligence of others. (See *Lunsford* v. *Standard Oil Co.*, 84 Cal.App.2d 459, 466-468 [191 P.2d 82] ; *Warnke* v. *Griffith Co.*, 133 Cal.App. 481, 494 [24 P.2d 583] ; Prosser on Torts [1941], p. 385; 35 Am.Jur. 725-727 ; 28 L.R.A.N.S. 1215-1244.) Indeed, the cases in which this defense is applied usually involve dangerous conditions created by the negligence of another. ▮ The requested instruction was erroneous, and the trial court was not under a duty to revise it to state the law accurately. (*Tossman* v. *Newman*, 37 Cal.2d 522, 525 [233 P.2d 1].) The cases of *Hedding* v. *Pearson*, 76 Cal.App.2d 481 [173 P.2d 382], *Bee* v. *Tungstar Corp.*, 65 Cal.App.2d 729 [151 P.2d 537], *Muskin* v. *Gerun*, 46 Cal.App.2d 404 [116 P.2d 105], and *Jones* v. *Hedges*, 123 Cal.App. 742 [12 P.2d 111], are disapproved insofar as they contain language inconsistent with the view herein expressed.

■ The court also properly refused an instruction requested by plaintiff as follows: "Plaintiff was not negligent as a matter of law merely because she continued to walk on the sidewalk after knowing that some danger existed. *She can only be charged with negligence if you find as a fact that before she proceeded further she was aware of the amount of danger actually present."* (Italics added.) The italicized portion of the instruction states the law incorrectly, since plaintiff could have been charged with negligence not only if she was aware of the danger present and did not take proper precautions to avoid it, but also if, in the exercise of ordinary care, she should have been aware of that danger and failed to take such precautions. (Civ. Code, § 1714; *Blodgett* v. *Dyas (B. H.) Co.,* 4 Cal.2d 511 [50 P.2d 801] ; see Rest., Torts, §§ 463, 464, 466.) With respect to the other requested instructions which were refused, it is sufficient to note that the matter contained therein was substantially covered in instructions given by the court.

We have concluded that, under the circumstances of this case, the erroneous instructions given on assumption of risk resulted in a miscarriage of justice.

The judgment is reversed.

Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

EDMONDS, J.—The only evidence as to the cause of Mrs. Prescott's injury tended to show the presence of water upon the sidewalk at the time of her fall, a condition which she admittedly observed before proceeding. Although the challenged instructions were incorrect in stating that she assumed the risk of injury if "in the exercise of ordinary care" she should have perceived the dangerous condition, her testimony that she was aware of the condition of the sidewalk refutes any claim of prejudice from them. For that reason, in my opinion, no miscarriage of justice could have resulted.

I would affirm the judgment.

Respondent's petition for a rehearing was denied February 24, 1954. Edmonds, J., was of the opinion that the petition should be granted.