[Civ. No. 5950. Fourth Dist. Oct. 29, 1959.]

ELEANOR HIDDEN et al., Appellants, v. GEORGE MALINOFF et al., Respondents.

*Assigned by Chairman of Judicial Council.

Launer, Christensen & Ward and Samuel Dreizen for Appellants.

Clarence Sprague and Jean Wunderlich for Respondents.

COUGHLIN, J. pro tem.*—The plaintiffs, as heirs at law of Theodore Hidden, brought this action for damages resulting from his death, which was caused by injuries sustained in an accident when he was struck by an automobile driven by the defendant George Malinoff. The plaintiffs based their cause of action upon alleged negligence of the defendant George Malinoff. The defendants denied this accusation of negligence and pleaded contributory negligence on the part of the deceased and unavoidable accident. The issues were tried by a jury which rendered a verdict in favor of the defendants. Judgment was entered accordingly, from which the plaintiffs appeal, contending that there is no substantial evidence to support the verdict; that the trial court erred in giving instructions on the doctrines of assumption of risk and unavoidable accident, as well as other instructions based on California Vehicle Code, sections 582, 596.6 and 564; and that the trial court also erred in refusing to give certain instructions proposed by them.

The accident in question happened on August 27, 1955, at 3 a. m., when Theodore Hidden and his wife, Eleanor, one of the plaintiffs, were returning from a vacation trip, and were westbound on United States Highway 66, near Amboy, California, when, because of motor trouble, which had plagued them before during their return trip, Mr. Hidden pulled to the right side of the highway; stopped his car; got out of the driver's side, and proceeded toward the front of his automobile. At this place in the highway there is one westbound lane, 11 feet in width, which adjoins a shoulder 8 feet in width. The defendant George Malinoff, who was driving his son's automobile, in which his wife and his son, the other defendants, were riding, also was proceeding westbound on Highway 66; did not see Mr. Hidden; and ran into him.

The evidence, which includes the testimony as well as inferences which reasonably may be drawn therefrom, is in conflict respecting the position of the Hidden car, the condition of the lights thereon, the position of Mr. Hidden at the time of the impact, the speed of the Malinoff automobile, and the manner in which the collision occurred. The record on appeal contains substantial evidence from which the jury could have concluded that the Hidden car was parked partially upon and 2 feet in from the edge of the main traveled portion of the highway; that the rear lights of that car were not burning; that Mr.

---

*Assigned by Chairman of Judicial Council.

Hidden did not get to the front of his automobile before the accident, as contended by the plaintiffs; that he was tired, having traveled since 12:30 p. m. on the previous day; and that, at the time of the impact he was in the main traveled portion of the highway, south of his automobile.

The evidence also would support a conclusion that the defendant's automobile was being driven wholly on the main-traveled portion of the highway, at a fast but reasonable rate of speed, with headlights burning, and that the driver of this car was awake and looking ahead, although he did not see the Hidden car or the deceased prior to the accident.

■ When reviewing the sufficiency of evidence to support a verdict, an appellate court must accept as true that testimony and those inferences reasonably deducible therefrom which will support that verdict. (*Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 736 [269 P.2d 12]; *Bancroft-Whitney Co.* v. *McHugh*, 166 Cal. 140, 142 [134 P. 1157].)

Whether the conduct of the defendant George Malinoff or the conduct of the deceased constituted negligence, and whether such conduct was a proximate cause of the accident, either solely or contributively, were questions for determination by the jury as matters of fact. The contention of the plaintiffs that the verdict of the jury is not supported by the evidence as a matter of law is without merit.

However, errors in the giving of certain instructions at the request of the defendants deprived the plaintiffs of a fair trial and require a reversal of the judgment. Among such instructions were the following upon the doctrine of assumption of risk:

"We have a legal principle commonly referred to by the term 'Assumption of Risk'. It now will be explained to you:

"A person is said to assume a risk when he freely, voluntarily and knowingly manifests his assent *to dangerous conduct* or to the creation or maintenance of a dangerous condition, and voluntarily exposes himself to that danger, or when he knows that a danger exists in either *the conduct or condition of another* or in the condition, *use or operation of property,* and voluntarily places himself or remains, within the area of danger.

"A person who thus assumed a risk is not entitled to recover for damage (caused him without intention and) which resulted from the dangerous condition or conduct to which he thus exposed himself.

"Distinction should be noted between the assumption of risk just described which bars recovery, and the ordinary and

necessary acceptance of common risks such as surround us all and that lie in the possibility that other persons will not perform their duties toward us. As to this latter kind of every day risk, a person will not be barred from recovery for damage by the fact, if it be a fact, that while he, himself, is exercising ordinary care, and when nothing exists in the circumstances that either cautions him, *or would caution a reasonably prudent person in like position,* to the contrary, he assumes that others will perform their duties toward him and acts on that assumption.'' (Italics ours.)

In addition, the jury was instructed, in substance, that assumption of risk must be voluntary, which required that the person in question must have actual knowledge of the danger and freedom of choice, and also that the factor of proximate cause did not apply to this defense.

The plaintiffs contend that the giving of these instructions constituted prejudicial error because the defense of assumption of risk is not available to the defendants under the circumstances of this case. Neither the answers of the defendants nor the pretrial order referred to this defense.

■ In general, ''the elements of the defense of assumption of risk are a person's knowledge and appreciation of the danger involved and his voluntary acceptance of the risk.'' (*Prescott* v. *Ralphs Grocery Co.,* 42 Cal.2d 158, 162 [265 P.2d 904].) ■ ''Where the facts are such that the plaintiff must have had knowledge of the hazard, the situation is equivalent to actual knowledge, and there may be an assumption of the risk, but where it merely appears that he should or could have discovered the danger by the exercise of ordinary care, the defense is contributory negligence and not assumption of risk.'' (*Prescott* v. *Ralphs Grocery Co.,* 42 Cal.2d 158, 162 [265 P.2d 904].) ■ The risk assumed may arise out of a dangerous condition created by the negligence of the defendant. (*Prescott* v. *Ralphs Grocery Co.,* 42 Cal.2d 158, 162 [265 P.2d 904] ; *Rogers* v. *Los Angeles Transit Lines,* 45 Cal.2d 414, 419 [289 P.2d 226].)

The defendants claim that the defense was available to them under testimony which, if accepted by the jury, would have established that the decedent stepped out of his automobile onto the main-traveled portion of a transcontinental highway, in the nighttime, when traffic was heavy, after being warned by his wife not to open the hood of the car, which opened only from the side, and he nevertheless proceeded to walk toward the front of the automobile, turning his back to oncoming

traffic; that it was dangerous to walk upon such a highway under these circumstances; and that the decedent knew or must have known of this danger.

■ The plaintiffs contend that the only dangerous condition material to the defense of assumption of risk arose out of the alleged negligent driving of the defendant George Malinoff, and that there was no evidence from which the jury could have concluded that the decedent knew or must have known of that dangerous condition. This contention must be sustained. Under the circumstances of this case, the only dangerous condition material to the issue of defendants' liability was a dangerous condition attributable to negligence of the defendant driver; if he was not negligent, although a dangerous condition existed, judgment should have been for the defendants; but if his negligence caused a dangerous condition resulting in Hidden's death, judgment in favor of the defendants under the defense of assumption of risk would have been proper only if the decedent knew or must have known of this negligently created dangerous condition. The instructions in question pointedly referred to ''dangerous conduct,'' and to danger existing in ''the conduct or condition of another'' or in the ''use or operation of property'' which, in this case, readily could be understood to apply to a dangerous condition created by the conduct of the defendant George Malinoff. There is no evidence to support a finding that the decedent knew or must have known of a dangerous condition created by the negligence of the defendant driver. The instructions in question should not have been given, and giving them constituted prejudicial error because they were misleading and confusing. (*Davenport* v. *Stratton*, 24 Cal.2d 232, 234 [149 P.2d 4]; *Gold* v. *Hlivyak*, 131 Cal.App.2d 39, 41 [280 P.2d 71].) [6] The confusion incident to an attempt to apply a rule of law to nonexistent evidence was compounded by that part of the instructions noting a distinction between the assumption of those risks which bar recovery and the common risks which ''lie in the possibility that other persons will not perform their duties toward us'' and advising the jury, in substance, that as to this latter kind of risks a person will not be barred from recovery by the fact that he assumed others would perform their duty, when nothing exists which ''would caution a reasonably prudent person in like position to the contrary.'' As noted by Mr. Justice Traynor, in his dissenting opinion in *Vasquez* v. *Alameda*, 49

Cal.2d 674, 681 [321 P.2d 1], such an instruction "confuses the defenses of contributory negligence and assumption of risk. It erroneously suggests that if in the exercise of due care the plaintiff (decedent) would have known of the danger of the defendant's negligence, he has assumed the risk of such conduct," whereas the true issue under consideration is whether the decedent acted as a reasonably prudent person under all of the circumstances. In an action such as the one at bar, the defense of assumption of risk will negative liability regardless of the fact that the decedent may have acted with due care, whereas the defense of contributory negligence arises only from a lack of due care. (*Prescott* v. *Ralph's Grocery Co.,* 42 Cal.2d 158, 161 [265 P.2d 904].) Under the evidence and the instruction in question the jury could have found that Mr. Hidden exposed himself to a danger which was not attributable to those common risks which "lie in the possibility that other persons will not perform their duties" because, under the circumstances, as a reasonably prudent person in like position, he would have been cautioned to the contrary and, for this reason assumed the danger incident to such risk. Under these circumstances the error in the instruction was prejudicial. (*Plotts* v. *Albert,* 120 Cal.App.2d 105, 108 [260 P.2d 621].)

█ Also, at the request of the defendant, the trial court gave the following instruction on unavoidable accident:

"Under the law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence."

Giving this instruction was error. (*Amar* v. *Union Oil Co. of California,* 166 Cal.App.2d 424 [333 P.2d 449].) It has been stated that "the so-called defense of unavoidable accident has no legitimate place in our pleading" and "the instruction on unavoidable accident serves no useful purpose." (*Butigan* v. *Yellow Cab Co.,* 49 Cal.2d 652, 658-659 [320 P.2d 500].) "The instruction is not only unnecessary, but it is also confusing. When the jurors are told that 'in law we recognize what is termed an unavoidable or inevitable accident' they may get the impression that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation.

The rules concerning negligence and proximate causation plicated and difficult to understand. The further complication which must be explained to the jury are in themselves com-resulting from the unnecessary concept of unavoidability or inevitability and its problematic relation to negligence and proximate cause can lead only to misunderstanding.'' (*Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652, 660 [320 P.2d 500].)

There was evidence in the case at bar that the decedent was ''suctioned'' into the Malinoff car as it passed by, and the defendants argue that this was proof of a cause of the accident independent of the negligence of any party, which authorized giving the instruction. However, the fact remains that the ''proper manner for determining liability . . . is . . . on the basis of negligent and proximate causation'' and that the confusing, misleading and overemphasizing effect of an instruction on unavoidable accident may exist even when the accident is caused by a factor which is not the negligence of either party. Such a conclusion is demonstrated by the argument of defendants in support of their contention that the instruction was proper under the aforementioned evidence that the decedent was ''suctioned'' into their car. There was additional evidence that the defendant's car was going 70 miles per hour as it passed the decedent, and it may be inferred that the reason he was ''suctioned'' into that car was related to its high speed under the circumstances, which the jury could have found was negligent and a proximate cause of the accident but, because of the instruction on unavoidable accident may have concluded that this ''suctioning'' process was an independent act absolving the defendants of liability. Thus, this case presents another factual situation to be added to those considered in many previous decisions wherein the error in giving an instruction on unavoidable accident was held to be prejudicial. (*Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500]; *Perrotti* v. *Sampson*, 163 Cal.App.2d 280 [329 P.2d 310]; *Halleck* v. *Brown*, 164 Cal.App.2d 586, 590 [330 P.2d 852], and cases therein cited; *McGuire* v. *Navarro*, 165 Cal.App.2d 661 [332 P.2d 361]; *Amar* v. *Union Oil Co. of California*, 166 Cal.App.2d 424 [333 P.2d 449]; *Jones* v. *Wray*, 169 Cal.App.2d 372 [337 P.2d 226]; *Tomchik* v. *Julian*, 171 Cal.App.2d 138 [340 P.2d 72]; *Lockhart* v. *Rini*, 171 Cal.App.2d 293 [340 P.2d 344]; *Prentice* v. *Roberts, Jr.*, 171 Cal.App.2d 313 [340 P.2d 43].)

The plaintiffs also contend that the court erred in giving instructions which quoted the provisions of sections

582, 596.6 and 564 of the Motor Vehicle Code, arguing that these instructions were without the issues of the case and instructed on questions of fact. We find no merit in these contentions except that the instruction based on section 596.6, relating to the duty of a motorist in opening and closing his door, was not pertinent to a determination of any material factual issue presented by the evidence; there was no substantial evidence that the door of decedent's car was not closed at the time of the accident. A review of the record discloses that, in giving the remaining allegedly objectionable instructions the court was adhering to its duty ''to instruct on every theory of the case finding support in the evidence.'' (*Leming* v. *Oilfields Trucking Co.*, 44 Cal.2d 343, 352 [282 P.2d 23, 51 A.L.R.2d 107].)

Further, the plaintiffs allege error in the refusal to give instructions requested by them respecting the duty of a motorist to be vigilant, to anticipate the presence of others on the highway, to keep his automobile under such control as would enable him to avoid a collision, and to exercise ordinary care for the safety of pedestrians. Parts of these instructions, as worded, were erroneous in that they were argumentative and confusing. Moreover, the substance of all of these instructions was included in others given by the court. It is not error to refuse to instruct a jury in the particular phraseology of a proposed instruction providing the substance of that instruction is properly presented in other instructions which are given. (*Hooper* v. *Bronson*, 123 Cal.App.2d 243, 254 [266 P.2d 590]; *Ideal Heating Corp.* v. *Royal Indem. Co.*, 107 Cal.App.2d 662, 668 [237 P.2d 521].) On the other hand, the court refused to give the following instruction, the substance of which was not otherwise given:

''You are further instructed that the rights of a driver of an automobile to use the public highway is not superior to that of a pedestrian.''

This was a correct statement of the law (*Rush* v. *Lagomarsino*, 196 Cal. 308, 317 [237 P. 1066]), and the refusal to instruct as requested was error.

The issue of liability in this case was close. There was substantial evidence supporting the claim of plaintiffs that decedent, at the time of the accident, was in front of the left headlight of his car, which had been parked entirely off of the main-traveled portion of the highway, with its lights burning, and that the sole cause of the accident was the negligence of the defendant driver who was traveling at 70 miles an hour,

who admittedly did not see the decedent or his car at any time prior to the collision, and whose automobile side-swiped that car before striking the deceased. ''No precise formula can be drawn for deciding whether there has been a miscarriage of justice. In each instance the determination whether the probable effect of an instruction has been to mislead the jury and whether the error has been prejudicial so as to require a reversal depends upon all the circumstances, including the evidence and the other instructions given.'' (*Alarid* v. *Vanier*, 50 Cal.2d 617, 625 [327 P.2d 897].) In the case at bar the instructions on assumption of risk and unavoidable accident could have led the jury to an erroneous conclusion respecting the cause of the accident and the legal effect of the deceased's conduct. In addition, these instructions, together with the inapplicable instruction on the duty of a motorist in opening and closing his door, erroneously accentuated the defense characteristics of the evidence, while the failure to give the plaintiffs' instruction on the equality of rights between a pedestrian and a motorist deprived them of a statement of that phase of the law favorable to their position. The following statement of the court in *Daniels* v. *City & County of San Francisco*, 40 Cal.2d 614, 623-624 [255 P.2d 785], is applicable to the case at bar:

''In determining, from a consideration of the entire record, whether the error prejudiced plaintiffs' rights . . . the rule is no different from that applicable in a criminal case and stated as follows: 'If it cannot be said that, in the absence of the error complained of, a different verdict would have been improbable, the erroneous ruling constitutes a miscarriage of justice within the meaning of the constitutional provision.' (*People* v. *Newson*, 37 Cal.2d 34, 45 [230 P.2d 618]; see also *People* v. *Hamilton*, 33 Cal.2d 45, 51 [198 P.2d 873].) It so appears here.''

The judgment is reversed.

Griffin, P. J., and Shepard, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied December 23, 1959. Schauer, J., was of the opinion that the petition should be granted.