[Civ. No. 28132. Second Dist., Div. Four. June 30, 1965.]

HAROLD TROY BOYLES, JR., a Minor, etc., Plaintiff and Respondent, v. JAMES E. HAMILTON et al., Defendants and Appellants.

Crider, Tilson & Ruppé, Robert E. McGurl, Abe Mutchnik, Early, Maslach, Foran & Williams and Kenneth H. Wechsler for Defendants and Appellants.

No appearance for Plaintiff and Respondent.

JEFFERSON, J.—Suit was brought in behalf of plaintiff, a minor, for injuries allegedly sustained when he was struck by two automobiles negligently operated by defendants Duncan and Fish. The action (Los Angeles Superior Court No. 775470), was subsequently consolidated for trial with another action (case No. 785146), arising out of the same accident

which was commenced by plaintiff against defendant Hamilton. In the latter action it was alleged that the accident occurred during and as the result of plaintiff's employment by Hamilton in violation of the California Child Labor Law. A jury brought in a verdict in favor of plaintiff, for $8,500, against defendants Hamilton and Duncan. The jury found for defendant Fish. Hamilton and Duncan appeal.

Plaintiff failed to file a brief on appeal, and, pursuant to rule 17(b) of the California Rules of Court, oral argument was waived by appellants, and the case was submitted on appellants' opening briefs.

On June 26, 1961, at approximately 6:05 p.m., plaintiff, who was 12 years of age, was selling newspapers on Atlantic Boulevard in the City of Commerce. He was standing in the street on the white line which divides the No. 1 and No. 2 northbound lanes of the four-lane highway, at a point approximately 65 feet from the intersection of Atlantic and Washington Boulevards. He had been standing there with his newspapers for about five or ten minutes before the accident occurred, and about 100 cars had passed by in the northbound lanes. At the time he was struck he was in the process of counting a number of coins, which he held in his hands, and he did not see the approaching cars driven by defendants Duncan and Fish.

Plaintiff was employed, prior to and on the date of June 26, as a newspaper boy, by defendant Hamilton. There was evidence that Hamilton took plaintiff to the intersection prior to the accident and instructed him "to sell on the street." Plaintiff testified that Hamilton told him "to stand on the white line in the street," and that, "you sell more papers if you stand in the street." Hamilton, in his testimony, although denying that he gave plaintiff such instructions, recalled, on cross-examination, that he had seen his "boys" selling papers in the streets at various corners including the intersection of Atlantic and Washington.

An ordinance of the City of Commerce, in effect at the time of the accident, provided that it is unlawful to sell newspapers on any portion of a public highway.

The trial court refused to give any instructions offered by defendant Hamilton on the defenses of contributory negligence and assumption of risk, expressly instructing the jury that these defenses could be relied on only by defendants Duncan and Fish. Hamilton asserts, in the single contention raised by him, that, under the circumstances, it was prejudicial

error for the trial court to remove the issue of plaintiff's negligence from the jury's consideration.

The trial court, in its instructions limited solely to Hamilton, quoted Labor Code section 1308, which in pertinent part provides: "Any person is guilty of a misdemeanor . . . who, as parent, relative, guardian, employer, or otherwise having the care, custody, or control of any minor under the age of 16 years, exhibits, uses, or employs . . . or who causes, procures, or encourages such minor to engage in:

"(a) Any business, exhibition or vocation, injurious to the health or dangerous to the life or limb of such minor."

. . . . .

The court then gave the following additional instructions: "If you should find from the evidence that defendant Hamilton conducted himself in violation of Section 1308 of the Labor Code just read to you, you are instructed that such conduct constituted negligence as a matter of law. If you find that he did not violate said section you will return a verdict in his favor.

"However, in this action, a violation of law is of no consequence unless it was a proximate cause of or contributed as a proximate cause to an injury found by you to have been suffered by the plaintiff."

The jury was then further instructed: " '*Public policy forbids application of the doctrine of assumption of risk and contributory negligence for the benefit of persons who violate statutory regulations enacted for the protection of human life.*' *This is particularly true as to Section 1308 of the Labor Code which is part of the child labor law of California.*" [Italics added.]

While conceding that the trial court was correct in instructing the jury that public policy considerations preclude application of the defense of assumption of risk in actions based on the violation of a statute such as section 1308, defendant Hamilton strenuously argues that there is no authority in California to extend such rule to the defense of contributory negligence, and that the court erred in doing so.

Defendant Hamilton cites *Mason* v. *Case,* 220 Cal.App.2d 170 [33 Cal.Rptr. 710], which held that, unlike assumption of risk, contributory negligence was an available defense in an action for damages for personal injuries based on the violation of safety statutes or orders which were adopted for the protection of employees. (See also *Maia* v. *Security Lumber & Concrete Co.,* 160 Cal.App.2d 16 [324 P.2d 657];

*Mula* v. *Meyer*, 132 Cal.App.2d 279 [282 P.2d 107].) The abolition of the defense of assumption of risk was upheld in *Mason, supra*, on the rationale, that employees, who, because of their weaker economic position (in relation to their employers), are unable to refuse to work in an unsafe place or with unsafe equipment, should not be prevented from recovering for injuries suffered, because of their consent or acquiescence to be employed under such circumstances. However, contributory negligence, it was reasoned, is not a matter of waiver or acquiescence, and consequently, the public policy which bars assumption of risk should not bar contributory negligence. The statutes applicable in these cases, however, were not enacted primarily for the protection of the health and welfare of children.

We have found no case in California which has passed on the question whether the contributory negligence of a child is a bar to the child's recovery for injuries proximately caused as the result of the violation of a law passed to protect against such injuries. In other jurisdictions the cases are in conflict on the question.

In an annotation in 10 American Law Reports, Second Edition, 853, the following observation is made (p. 855): ''While there is respectable authority to the contrary (see 171 A.L.R. 906), in a number of cases an action for injuries to a minor child against an employer employing him in violation of a statute prohibiting or limiting employment of children under a specified age has been held not to be subject to the defense of contributory negligence.'' Section 483, Vol. 2, of the Restatement of Torts, states: ''If the defendant's negligence consists in the violation of a statute enacted to protect a class of persons from their inability to exercise self-protective care, a member of such class is not barred by his contributory negligence from recovery for bodily harm caused by the violation of such statute.'' (Quoted in 171 A.L.R. 894, 896.)

 We find that the best approach to the issue is stated in Prosser on Torts (3d ed.) 426, 435, chapter 12, section 64, as follows:

''Whether it [contributory negligence] is a bar to the liability of a defendant who has violated a statutory duty is a matter of the legislative purpose which the court finds in the statute. If it is found to be intended merely to establish a standard of ordinary care for the protection of the plaintiff against a risk, his contributory negligence with respect to that risk will bar his action, as in the case of any common law

negligence. But there are certain unusual types of statutes, such as child labor acts, . . . which have been construed as intended to place the entire responsibility upon the defendant, and to protect the particular class of plaintiffs against their own negligence. In such a case, as in the case of the statutes involving the age of consent, the object of the statute itself would be defeated if the plaintiff's fault were a defense, and the courts refuse to recognize it."

In *Tampa Shipbuilding & Engineering* v. *Adams* (1938) 132 Fla. 419 [181 So. 403], an action was brought to recover damages for the death of a minor which occurred in the course of his employment by a shipbuilding company. Florida had a statute then in effect prohibiting such employment for minors without first obtaining a required employment certificate. The court held against the defendant's contention that contributory negligence could be asserted as a defense to the action, on the ground that the law considers the employment of the child in derogation of the statute to be the proximate cause of the child's death, and not the contributory negligence alleged. This holding was followed in the more recent case of *Tamiami Gun Shop* v. *Klein* (Fla.App.) (1959) 109 So.2d 189, which held, in a personal injury action, that the defense of contributory negligence was not available to a defendant who, in derogation of the laws of Florida and of local ordinances, had sold a repeating rifle to the plaintiff, a minor. The court stated that the law in question was enacted for the purpose of protecting minors against their presumed inexperience, immature judgment and carelessness.

In an action brought by a minor employee against his employer for injuries sustained by the employee when his bicycle struck an automobile while he was delivering groceries, and which action was based on the violation of a statute forbidding employment of children under 16 years of age except in certain specified occupations or under certain conditions, the court, in *Pitzer* v. *M. D. Tomkies & Sons,* 136 W.Va. 268 [67 S.E.2d 437], held that contributory negligence was not available as a defense in an action based on such violation. In so ruling the court stated (at p. 442) : "Application of the principle that an infant may be shown to be guilty of contributory negligence virtually emasculates the provisions of the statute inhibiting the employment of children in gainful occupations."

The defense of contributory negligence was also held not available in an action to recover damages for personal injuries

sustained by a minor while engaged in employment prohibited by a Kentucky statute, in *Louisville, H. & St. L. Ry. Co.* v. *Lyons* (1913) 155 Ky. 396 [159 S.W. 971, 48 L.R.A. N.S. 667]. In language particularly appropriate to the instant case, the court stated (at pp. 975-976) : ''The manifest purpose of the statute, as it relates to the matter before us, was to protect the lives and limbs of children by prohibiting their employment in certain occupations that the Legislature deemed dangerous or injurious to life or limb and to save children from accidents that their own heedlessness or carelessness might bring about. This being the very purpose of the statute, if the defense of assumed risk or contributory negligence could be relied on in an action brought by the child to recover damages for injuries sustained, the object of the statute would, in a large measure, be defeated.'' (Cited in Annotations in 171 A.L.R. 894, 908 and 10 A.L.R.2d 853, 855-856.)

We too believe, that where, as here, the very purpose of the statute is to protect the lives and limbs of children by prohibiting their employment in ''any business . . . injurious to the health or dangerous to the life or limb of such minor'' (Lab. Code, § 1308), one who employs a child in violation of the statute should not escape responsibility by reason of the defense of assumption of risk or that of contributory negligence.

The single issue raised by defendant Duncan also relates to the instructions given by the trial court. Duncan contends that the court erroneously instructed the jury that the last clear chance doctrine applies to overcome the defense of assumption of risk. The record indicates that the court gave a modified version of California Jury Instructions Civil, BAJI Nos. 113 and 205, which, in their original form, were requested initially by both plaintiffs and defendants.

The modified BAJI No. 113 instruction in pertinent part was given as follows : ''The issues to be determined by you in this case relating to the Duncans and Fishes are as follows :

''First, were Duncan and Fish, or either of them, the defendants herein, negligent?

''If you answer that question in the negative, that is, no, they weren't, you will return a verdict for the defendants Duncan and Fish. If you answer it in the affirmative, that is, yes, you have a second issue to determine, namely :

''Was that negligence a proximate cause of any injury to the plaintiff?

"If you answer that question in the negative, plaintiff is not entitled to recover. But if you answer it in the affirmative, you then must find on a third question:

*"Third, did the plaintiff Boyles assume the specific risk as defined above? If you find that he did, you will return a verdict in favor of the defendants Duncan and Mr. and Mrs. Fish, unless you find that one or more of them had a last clear chance as hereafter defined to avoid the accident."* [Italics added.]

. . . . .

A modified BAJI No. 205 was subsequently given as follows: "A certain reasoning process that we sometimes call to our aid in analyzing the facts of an accident case is known as the Doctrine of Last Clear Chance. It is permissible to use the doctrine only after we first find, and you may not use it unless and until you first shall have found, that in the events leading up to the accident, in question both the plaintiff and defendants, or either of them, were negligent.

"The doctrine of last clear chance may be invoked if, and only if, you find from the evidence:

"First: That the plaintiff was in a position of danger and, by his own negligence, became unable to escape from such position by the use of ordinary care, either because it became physically impossible for him to escape or because he was totally unaware of the danger;

"Second: That said defendants, or either of them, knew that plaintiff was in a position of danger and further knew, or in the exercise of ordinary care should have known, that plaintiff was unable to escape therefrom;

"Third: That thereafter said defendants, or either of them, had the last clear chance to avoid the accident by the exercise of ordinary care but failed to exercise such last clear chance, and the accident occurred as a proximate result of such failure.

"If all the conditions just mentioned are found by you to have existed with respect to the accident in question, then you must find against the defense of contributory negligence *and assumption of risk,* because under such conditions the law holds the said defendant or defendants who had such last clear chance liable for any injuries suffered by the plaintiff and proximately resulting from the accident, despite the negligence of the plaintiff *or his assumption of risk, if any."* [Italics added.]

■ The court in effect modified standard BAJI instructions applying the doctrine of the last clear chance to the defense of contributory negligence, by making it applicable to the defense of assumption of risk as well. Defendant, although requesting the instructions in their original form, objected to the modifications made by the trial court.

■ The last clear chance doctrine has no application to assumption of risk but applies solely to overcome the defense of contributory negligence. ■ "The only purpose of the last clear chance doctrine is to relieve the injured party from the rigid application of the rule that contributory negligence will bar his recovery, when the circumstances are such that it may be said that such party's negligence is a remote, rather than a proximate, cause of his injuries. [Citations.] ■ In other words, the last clear chance doctrine is but a 'phase of the doctrine of proximate cause' in its relation to the negligence of the injured party who seeks to invoke it." (*Sparks* v. *Redinger*, 44 Cal.2d 121, 124-125 [279 P.2d 971].) Whether it applies depends wholly upon the existence of certain elements which bring it into play, one of which is, "That plaintiff has been *negligent* and, as a result thereof, is in a position of danger from which he cannot escape by the exercise of ordinary care. . . . [Citation.]" [Italics added.] (*Selinsky* v. *Olsen*, 38 Cal.2d 102, 104 [237 P.2d 645].)

■ This error in instruction, however, could not have prejudiced defendant Duncan, for he was not entitled to any instruction at all on assumption of risk.

■ "In this state the rule is clearly established that before the jury may be properly instructed on the doctrine [of assumption of risk] there must be evidence not only that the plaintiff knew that he was stepping into a place of danger, but also had actual knowledge of the specific danger involved." (*Vierra* v. *Fifth Avenue Rental Service,* 60 Cal.2d 266, 274 [32 Cal.Rptr. 193, 383 P.2d 777].) The court, in *Vierra, supra,* reviewed several cases which have specifically held that it is error to instruct on the doctrine of assumption of risk where there is no evidence of assumption of a specific danger. In discussing one of these cases the court stated (at p. 273):

"In *Hidden* v. *Malinoff,* 174 Cal.App.2d 845 [345 P.2d 499], the decedent stepped out of his car onto the traveled portion of a main highway in the nighttime. Traffic was heavy and he was warned by his wife not to open the hood of the car which opened from the side towards the traffic. Plain-

tiff alighted from the car, turned his back to oncoming traffic and was hit by defendant's negligently operated car. Obviously plaintiff must have known that it was dangerous to do what he did, and the appellate court so held. But it also held that it was prejudicial error to instruct on assumption of risk because there was no evidence that plaintiff knew of the actual risk involved, namely the negligent operation of defendant's car.'' (*Vierra* v. *Fifth Avenue Rental Service, supra,* 60 Cal.2d 266, 273. See also *Rodriquez* v. *Lompoc Truck Co.,* 227 Cal.App.2d 769, 778 [39 Cal.Rptr. 117].)

Here, as in *Hidden* v. *Malinoff, supra,* there was no evidence that plaintiff knew of the negligent operation of defendant's automobile. As above indicated, without such knowledge on his part, there was no assumption of risk.

The jury was properly instructed on contributory negligence and the applicability of last clear chance to that defense. The verdict implies that the jury found that defendant Duncan was negligent and that plaintiff was free from contributory negligence, or that defendant failed to exercise his last clear chance. The verdict is a proper one.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.