582 P.2d 1289

Chris **HANDLEY**, a minor, and Rolland B. Handley, as guardian and next friend of Chris Handley, Petitioners,

v.

Mark A. **HALLADAY**, Respondent.

No. 12038.

Supreme Court of New Mexico.

Aug. 23, 1978.

Klecan & Roach, James T. Roach, Albuquerque, for petitioners.

Richard M. Reidy, Albuquerque, for respondent.

## OPINION

McMANUS, Chief Justice.

Respondent, Mark Halladay, brought this action seeking damages for injuries incurred as a result of a fall from the top of a car driven by petitioner, Chris Handley. The trial court granted summary judgment for petitioner. The Court of Appeals reversed and remanded for trial. We granted the petition for writ of certiorari and now reverse the Court of Appeals. We affirm the trial court's decision granting petitioners' motion for summary judgment.

The facts are undisputed. Chris Handley and Mark Halladay were at a party in the foothills of the Sandia Mountains in Albuquerque. About 10:30 p. m., Handley prepared to leave. Halladay, over Handley's objection, insisted on riding on top of the Handley car. Handley attempted to persuade Halladay to get inside the car, but he refused. Handley was not anxious to stay in the foothills waiting for Halladay to come down, so she began to drive slowly down the dirt portion of Menaul Boulevard. After reaching pavement, Handley decided to get off Menaul at the first side street. While the car was moving, Halladay was spinning his body around on top of the car. He fell from the car as Handley negotiated a slight curve in the roadway.

The Court of Appeals remanded for factual determinations pertaining to the doctrine of last clear chance. We hold that the doctrine is not applicable to the facts before us.

The doctrine of last clear chance is, in effect, an exception to rules applicable in negligence-contributory negligence situations. *Montoya v. Williamson*, 79 N.M. 566, 446 P.2d 214 (1968). The doctrine was developed as a means of neutralizing the harsh consequences resulting from a contributory negligence defense. It allows a negligent plaintiff to recover if the defendant knew or should have known of the plaintiff's peril and had a clear chance, by the exercise of ordinary care, to avoid the injury. *Lucero v. Torres*, 67 N.M. 10, 350 P.2d 1028 (1960); *Sanchez v. Gomez*, 57 N.M. 383, 259 P.2d 346 (1953); *Floeck v. Hoover*, 52 N.M. 193, 195 P.2d 86 (1948).

Application of this doctrine must be limited, however. A plaintiff who is so reckless as to be in disregard of his own safety cannot be protected by the doctrine. *Harbor v. Wallace*, 31 Tenn.App. 1, 211 S.W.2d 172 (1946). *See also, Boyles v. Hamilton*, 235 Cal.App.2d 492, 45 Cal.Rptr. 399 (1965); *Miller v. General Accident Fire & L. Assur. Corp., Ltd.*, 280 So.2d 280 (La.

App.1973); *Matlock v. Allstate Insurance Company*, 155 So.2d 484 (La.App.1963). The defendant is not required to exercise a greater degree of care than that required of plaintiff for his own safety. *Floeck v. Hoover, supra.*

█ In this case, respondent voluntarily assumed a position of imminent danger when there was at hand and accessible to him a place of safety. Halladay refused to get off the top of the car and spun his body around while the car was in motion. He cannot shift the burden of his own willful recklessness by asserting that petitioner had the last clear chance to prevent his injury.

█ As the doctrine of last clear chance is not applicable to the facts of this case, the ordinary rules of negligence and contributory negligence apply. A plaintiff who has chosen to ride on the outside of a vehicle is contributorily negligent as a matter of law. For example, in *DeWinne v. Waldrep*, 101 Ga.App. 570, 114 S.E.2d 455 (1960), the plaintiff was found contributorily negligent in riding on the back end of a pickup truck while hunting. Similarly, in

*Peeler v. Cruse*, 14 N.C.App. 79, 187 S.E.2d 396 (1972), the court found the plaintiff contributorily negligent in riding on the blade of a motor grader. Courts have also denied recovery where the decedent took a seat on the right front fender of a truck, *Presnell v. Payne*, 272 N.C. 11, 157 S.E.2d 601 (1967); while standing on a rear bumper, *Matlock v. Allstate Insurance Company, supra; Kirby v. Golden*, 215 Kan. 583, 527 P.2d 962 (1974); while riding on top of a luggage carrier, *Gerritsma v. Vogelaar*, 266 Cal.App.2d 210, 72 Cal.Rptr. 89 (1968); while straddling a fender, *Miller v. General Accident Fire & L. Assur. Corp., Ltd.*, supra; and while riding on a truck platform, *Nordahl v. Farmers Mut. Automobile Ins. Co.*, 250 Wis. 609, 27 N.W.2d 707 (1947).

█ We find respondent contributorily negligent as a matter of law and affirm the trial court's decision granting summary judgment.

IT IS SO ORDERED.

SOSA, EASLEY, PAYNE and FEDERICI, JJ., concur.