[Civ. No. 18468.   First Dist., Div. Two.   July 10, 1959.]

COUNTY OF MONTEREY, Appellant, v. A. C. MADOLORA et al., Respondents.

[Civ. No. 18469.   First Dist., Div. Two.   July 10, 1959.]

GEORGE NAKAGAWA et al., Respondents, v. COUNTY OF MONTEREY, Appellant.

William H. Stoffers, County Counsel, and John O. Thornberry, Chief Deputy County Counsel, for Appellant.

J. R. Lamoreaux for Respondents.

DRAPER, J.—Is a strawberry plant a vine? That is the question presented in these consolidated cases.

One action is by the county to collect taxes levied upon strawberry plants, and the other is by taxpayers to recover like taxes paid under protest. Judgment was in favor of both groups of taxpayers, and the county appeals.

Land and the improvements thereon are to be separately assessed for taxation (Cal. Const., art. XIII, § 2). Under constitutional authorization (art. XIII, §13), the Legislature has defined "improvements" as including "fruit, nut bearing, or ornamental trees and vines . . ." (Rev. & Tax. Code, § 105). On the assumption that strawberry plants are vines, the county here assessed commercially grown plants separately from the lands upon which the plants grew. Concededly, strawberry plants come within the quoted code section only if they are vines. If not within this section, they cannot be separately assessed. (*Miller* v. *County of Kern*, 137 Cal. 516 [70 P. 549].)

Construction of a statute is a question of law for the court. (*Hall* v. *City of Taft*, 47 Cal.2d 177, 188 [302 P.2d 574]; *Sheehy* v. *Shinn*, 103 Cal. 325, 328-329 [37 P. 393]; *California M. Express* v. *State Board of Equalization*, 133 Cal.App.2d 237, 241 [283 P.2d 1063].)

By dictionary definition, a vine is a plant having a stem (Webster's New International Dictionary [2d ed.]; Funk & Wagnalls New Standard Dictionary). General usage seems clearly to regard the stem, by which a plant climbs or extends, as the principal distinguishing characteristic of a vine. But a strawberry plant is stemless (Funk & Wagnalls New Standard Dictionary; The Oxford-English Dictionary). In other respects, the dictionary definitions of the strawberry, whether called by that common term or by its botanical name "fragaria," contain elements which seem to negate vineal characteristics. Appellant finds comfort only in the Webster definition of "strawberry vine" as "the plant which yields the strawberry." In view of the contrary indications of the many definitions of the strawberry, we cannot deem this single statement controlling. Thus we conclude that in the general and ordinary understanding, a

strawberry plant is not a vine. Such usage is the normal guide in statutory construction. (*McMillan* v. *Siemon,* 36 Cal.App.2d 721, 726 [98 P.2d 790].)

If, however, the word ''vine'' be deemed used in its technical sense, we may look to the testimony of the botanist witness. (Civ. Code, § 1645; *Sheehy* v. *Shinn, supra,* 103 Cal. 325, 329.) His testimony establishes that a stem and tendrils, characteristics of a vine, are not found in the strawberry plant. He points out that the runner of a strawberry plant is not a stem, but merely a means of propagation which disintegrates when a new plant roots from a node of the runner.

The strawberry plants here involved are not vines within the meaning of the code section. Thus they may not be assessed separately from the land.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.