[Civ. No. 26150. Second Dist., Div. Three. Mar. 20, 1963.]

ROBERT JAMES CHAPMAN, Plaintiff and Appellant, v. RELIANCE EQUIPMENT COMPANY, Defendant and Respondent.

Jarrett & Morgan and Tuller, Ruston & Perez for Plaintiff and Appellant.

Chase, Rotchford, Downen & Drukker, Henry J. Bogust and William G. Tucker for Defendant and Respondent.

FILES, J.—This appeal is from a judgment after a defense verdict in a personal injury case. Plaintiff was a structural iron worker who was injured when a bundle of roofing sheets on which he was standing dropped from the roof joists to the floor. Defendant owned and operated the crane by which the bundle was lifted onto the joists.

Plaintiff was engaged in constructing a roof which was supported by steel girders which were spaced approximately 40 feet apart. Between the girders and at right angles to them were 40-foot steel joists, spaced at 5-foot intervals. The ends of the joists rested upon plates which were attached to the girders. Plaintiff and his fellow workers placed these joists in position and tack-welded each end. Later other persons were to complete the welding. The joists were to be covered with corrugated metal sheets, each approximately 10 feet long and 28 inches wide. These sheets were delivered to the job site in bundles. Prior to the accident plaintiff had been engaged in setting joists in place. At the time of the accident he was working with defendant's crane operator in landing a bundle of sheets on the joists.

Defendant's crane had a boom made of 6-inch pipe approximately 33 feet long. The joists were about 20 or 22 feet

above the ground. In order to lift the bundle to the desired location, the operator raised the boom between the joists so that it projected under one joist and over another. A line from the end of the boom was dropped to the ground and fastened to a sling which supported the bundle as it was raised between the joists. The objective was to land the bundle across the ends of the joists so that the weight would be partly on the girder and partly on the joists. The bundle weighed 3,000 to 4,000 pounds, according to plaintiff, and 700 pounds according to his foreman's testimony. The load was lifted above the level of the joists without incident. Plaintiff, who was then standing on the girder, turned the bundle 90 degrees so that it would come down across the joists, and by hand signals he directed the defendant's crane operator to lower the load into position. The joists on which the load was landed had not yet been spot welded, and hence were held in position only by their own weight. Plaintiff said it was common practice to land sheeting on the joists before they had been welded or bolted down, though the crane operator testified he would not have landed that big a load if he had known the joists had not been welded. As the load came down, plaintiff stepped on top of the bundle to release the sling. The operator released the tension on the cable so that it could be unhooked from the sling. The bundle and two joists fell to the ground and plaintiff rode the bundle down. Plaintiff testified that immediately before the accident the bundle had been landed so that it rested across three joists, not more than 6 inches out from the girder. The crane operator said the bundle landed across two joists only, and that the joists collapsed under the weight. Plaintiff's witnesses said that when the load was released the boom moved upward, striking one of the joists. The crane operator said the boom did not move at that time and never struck a joist.

Plaintiff argues vainly that the evidence does not support the verdict. His contention is that the accident could only have occurred because of the negligence of defendant in permitting its crane boom to strike a joist. Plaintiff acknowledges that he cannot prevail on this point if the record contains any substantial evidence to support the judgment but, like so many other appellants, he fails to recognize that the adverse evidence has weight or substance.

Plaintiff's other point is that it was error to instruct on assumption of risk. The instruction explained the meaning of assumption of risk, and told the jury that this doctrine

would not bar recovery unless the plaintiff had actual knowledge of the danger and freedom of choice to avoid exposing himself to it. Plaintiff's argument is that he could not be held to have assumed the risk that defendant would negligently raise the boom so as to knock down the joist.

Here again plaintiff is overlooking the fact that there is evidence to support another explanation of the accident. Since the issue of assumption of risk was raised by the answer and the pretrial order, defendant was entitled to have the jury instructed on this theory if there was any evidence upon which to base it. (*Ziegler* v. *Santa Cruz etc. School Dist.*, 193 Cal.App.2d 200, 203 [13 Cal.Rptr. 912].) The jury could have found that the bundle fell not because the boom struck a joist, but because the two unwelded joists buckled under the weight of this load. Plaintiff was standing in comparative safety on the girder as the load descended onto the joists. The bundle was only 28 inches wide and it is inferable that he could have reached out and released the sling without standing on the bundle. It could also be inferred that as an experienced structural steel worker plaintiff was aware of the hazards of placing a load of this weight on unwelded joists. Actual knowledge of the danger may be inferred from the circumstances. (*Gomes* v. *Byrne,* 51 Cal.2d 418, 421 [333 P.2d 754] ; *Ziegler* v. *Santa Cruz etc. School Dist., supra.*) From the evidence the jury might well have concluded that plaintiff voluntarily abandoned the solid footing of the girder and assumed the risk of the overloaded joists. The instruction given, therefore, was not inappropriate under the evidence.

It is unnecessary to comment on plaintiff's contention that it was error to strike out the nonresponsive answer of the witness Lockridge.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.