31 Cal.Rptr. 777, 383 P.2d 129]

[L. A. No. 27130.   In Bank.   July 2, 1963.]

ANITA RABAGO, Plaintiff and Appellant, v. LUIS REYNOSO MERAZ, Defendant and Respondent.

Jacsek & Schwimmer and Jacque Boyle for Plaintiff and Appellant.

Spray, Gould & Bowers and Daniel O. Howard for Defendant and Respondent.

PETERS, J.—Plaintiff appeals from a judgment, based upon a jury verdict, in favor of defendant in an action for damages for injuries suffered by plaintiff when defendant drove his automobile, in which plaintiff was riding, into a parked vehicle. As the main ground for reversal she contends that the trial court erred in its instructions. We are of the opinion that, for the reasons set forth below, the jury was erroneously instructed, and that the judgment must be reversed.

The principal questions presented revolve around plaintiff's status at the moment of the accident. To assess properly these problems reference will be made to the pleadings; the evidence, and the jury charge.

In her first cause of action plaintiff alleged that she was a guest in defendant's car, that defendant was intoxicated, and that his condition of insobriety was the proximate cause of the accident. In her second cause of action she simply alleged that she was a passenger, and was injured as a proximate result of defendant's negligence. The answer pleaded a general denial, contributory negligence, and assumption of risk. In a joint pretrial statement the issues were limited to (a) "Whether plaintiff was a guest or passenger," (b) defendant's intoxication and negligence, and (c) plaintiff's contributory negligence and assumption of risk. The pretrial order adopted the issues as stated by the parties in their joint statement, but for some unknown reason that document referred to the second cause of action as alleging that plaintiff was "a passenger for hire." The words "for hire" do not appear in the complaint, answer or joint pretrial statement. It must be assumed that the two

words were inserted by the pretrial judge either by inadvertence or in the erroneous belief that the law recognizes only two categories of a nondriving occupant in a car—guest or passenger for hire. At any rate, the parties subsequently entered into a stipulation that the pretrial order be amended "to add to the defendant's contentions a denial . . . that the plaintiff was a passenger for hire."

The evidence produced at the trial indicated, without dispute, that plaintiff and defendant met at a dance hall where they consumed several drinks, that they then bought a bottle of whiskey, and set out in defendant's car for a party to which they had been invited, together with several companions. Defendant drove, and plaintiff sat next to him, with one companion on her right and the others in the rear seat. The car collided with a parked vehicle, causing the injuries of which complaint is made. In addition to these undisputed facts, evidence was offered from which the jury could have found any of the following facts to be true: (1) that plaintiff asked defendant not to drive so fast, and defendant told her not to worry and that nothing would happen; (2) that defendant continued to drive at an excessive speed, and shortly before the collision occurred plaintiff requested that he stop the automobile and permit her to get out, but defendant failed or refused to stop; (3) that while the car was in motion plaintiff placed her arms around defendant's neck and kissed him; (4) that defendant did not appear to be intoxicated at the moment the parties first entered his automobile.

It should be noted that plaintiff offered no evidence in support of the purported allegation that she was a passenger for hire.

In its charge to the jury the trial court refused to instruct on the responsibilities of a driver of a car toward an involuntary occupant. At defendant's request, it did instruct on the responsibilities of a driver toward a passenger for hire, and it instructed on the doctrine of assumption of risk. But it refused to give two instructions, requested by plaintiff, to the effect that when a person accepts an invitation to ride in another's automobile but thereafter over her objections becomes an involuntary occupant of such vehicle, she ceases to be a guest and becomes a passenger.

The basic issue here involved is whether or not, in view of the pleadings and evidence, plaintiff was entitled to have the jury pass upon the question of whether she was an involuntary passenger. This, in turn, depends upon whether

the word "passenger" as pleaded, and as her evidence showed, includes an involuntary occupant of an automobile.

It is defendant's contention (and evidently the theory of the trial court) that plaintiff was not entitled to have the jury instructed on any theory involving the possibility that she was an involuntary occupant of the car. It is claimed that an "involuntary occupant" is not included within the definition of either "guest" or "passenger," the two categories in which plaintiff placed herself by her pleadings. In other words, the claim is that the allegations of the second cause of action, wherein plaintiff alleged that she was a "passenger" at the moment of the accident, are insufficient to create an issue regarding plaintiff's status other than as a "passenger for hire." To sustain this novel theory defendant cites *Follansbee* v. *Benzenberg*, 122 Cal.App.2d 466, 471 [265 P.2d 183, 42 A.L.R.2d 832]; *Ray* v. *Hanisch*, 147 Cal.App.2d 742, 746 [306 P.2d 30]; and *Shapiro* v. *Bookspan*, 155 Cal.App.2d 353, 357 [318 P.2d 123]. *Follansbee* (as well as *Shapiro*, which relies on *Follansbee*) states that "A passenger is one who gives compensation for a ride." *Ray* uses slightly different language, holding that "The terms 'passenger' and 'guest' have been adopted for the purpose of distinguishing a person who has given compensation within the meaning of section 403 [now Veh. Code, § 17158] from one carried gratuitously." Other cases not cited by defendant could be referred to as containing similar language.[1] From this language it is argued that the word "passenger" means only a "passenger for hire," and does not include an "involuntary passenger." The cited cases stand for no such definition. Each of them dealt solely with the distinction between a gratuitous guest and an occupant who it was claimed gave consideration for his passage. They did not intend to give an all-inclusive definition of the word "passenger." They did not consider, because the problem was not involved, whether the word "passenger" could include anyone who did not pay for his ride. There was neither need nor intent to limit the definition of "passenger" other than to distinguish it from "guest."

In at least one case, and in the cases cited therein, it has been held that an occupant of a vehicle may possess a status different from "a guest" or "a passenger for hire" (*Rocha* v. *Hulen*, 6 Cal.App.2d 245 [44 P.2d 478]), but the case did

---

[1]*Martinez* v. *Southern Pacific Co.*, 45 Cal.2d 244, 249-250 [288 P.2d 868]; *Thompson* v. *Lacey*, 42 Cal.2d 443, 444 [267 P.2d 1]; *Whitmore* v. *French*, 37 Cal.2d 744, 746 [235 P.2d 3].

not find it necessary to indicate the name of such an occupant. No case has been found that directly holds that one who voluntarily enters a motor vehicle as a guest, but who then becomes an involuntary occupant by reason of a refused request to leave, comes within the category of "passenger," but if the term be given its usual ordinary meaning that result would seem to follow.

The standard law dictionaries (Bouvier and Black), strangely enough, treat as a "passenger" only one who travels on a public conveyance. Such confining treatment of the word is of no aid herein, since if the definition were to be so limited the word could not be used in the sense contended for by either party. The general dictionaries are more enlightening. They include within the meaning of "passenger" all types of persons who travel in a conveyance. Webster's New World Dictionary of the American Language, Encyclopedia Edition (1951) defines the word (insofar as our purposes here are concerned) as "a person traveling in a train, bus, boat, etc., especially a person having no part in the operation of the conveyance: often distinguished from *driver, crew member,* etc." Such definition, of course, would include all persons riding in defendant's car, other than defendant himself, whether guest, passenger for hire, or involuntary occupant. More clarity is found in Webster's Third New International Dictionary (1961) which (in addition to several definitions with which we are not concerned) contains the following: "*2 a*: a traveler in a public conveyance (as a train, bus, airplane or ship) . . . *b*: one who is carried in a private conveyance (as an automobile) for compensation or expected benefit to the owner *c*: a rider in an automobile (a six-*passenger* model) . . . ." Certainly, from these definitions, an involuntary occupant comes within the general meaning of the term "passenger." It thus follows, that when plaintiff alleged (in her second cause of action) that she was a passenger in defendant's automobile, she merely stated that she was an occupant of the vehicle other than the driver. She may have meant that she was a guest, a passenger for hire, or an involuntary occupant. Since her first cause of action is based upon her alleged status as a guest, it is obvious that her use of the word "passenger" in the second cause of action was not intended to embrace that status. The word may thus be taken to have meant any form of occupant other than a guest.

Plaintiff's pleading may have been ambiguous in this re-

spect, and so subject to a special demurrer.[2] But the record does not indicate that such a demurrer was filed. The defendant was apparently willing to accept the pleading at its face value. In addition, defendant entered into a joint pretrial statement in which he agreed that the principal issue in the case was ''Whether plaintiff was a guest or passenger in . . . [the] automobile at the time of . . . [the] collision.'' Although he contends that by such use of the word ''passenger'' *he* intended to convey the thought of passenger for hire, there is no indication that such was plaintiff's intent. Moreover, defendant's subsequent actions indicate that he accepted the word to include more than a passenger for hire. His answer originally contained only a general denial. When the pretrial order adopted the issues as stated by the parties, and added (for the first time) reference to the words ''passenger for hire,'' defendant immediately sought and obtained a stipulation that the order be amended to *add* a denial that plaintiff was a passenger for hire. If, as he now contends, the single word ''passenger'' is limited to the concept of passenger for hire, he had already pleaded such a denial in his original answer, and needed neither stipulation nor amendment. His actions in requesting and obtaining the stipulation, even though not so intended, could only have had the effect of lulling plaintiff into a secure belief that there was a complete meeting of minds on her use of the word passenger.

The actions of the parties at the trial are most significant. When plaintiff offered the evidence which, if believed by the jury, would show that she ceased to be a guest and became an involuntary occupant prior to the accident, defendant offered no objection. If, as he now contends, her pleadings limited her to an action based upon her status as a guest or as a passenger for hire, the proffered evidence would have been outside the issues. However, defendant not only failed to object, *he adopted the issue by asking his witnesses if they saw or heard plaintiff request to be allowed to leave the car.* Thus the case was tried upon the theory that it involved the issue of whether or not plaintiff was an involuntary occupant.

[2]A general demurrer would not have been proper, regardless of the manner in which the word ''passenger'' be defined. The statutory prohibition against recovery does not preclude any type of passenger who is not a ''guest'' (Veh. Code, § 17158, *supra*). ''Passenger'' as used in the second cause of action could not have been intended to mean ''guest'' since in such case it would have constituted a repetition of the allegations of the first cause of action without the saving exception of the driver's intoxication.

Such view of the trial is further substantiated by the action of the trial judge in denying defendant's motion for a directed verdict on the second cause of action. Had the court and parties believed that the second cause of action was intended as an allegation that plaintiff was a passenger for hire, there would have been no alternative but to grant the motion, for no evidence of compensation or consideration had been presented. The denial of the directed verdict must have been based upon the proposition that some evidence had been produced in support of the second cause of action. That evidence could only have been plaintiff's testimony that she asked to be allowed to get out of the car, and was refused.

Thus the case was both pleaded and tried upon the theory that there was an issue as to plaintiff's status as an involuntary passenger. This being so, it follows that the trial court erred in refusing to instruct the jury on such issue.[3]

Plaintiff also contends that since the issue raised by the second cause of action was confined to the question of whether or not she was an involuntary passenger, the trial court erred in instructing the jury on the meaning and effect of "passenger for hire." Since no evidence was offered on the latter subject, certainly such instruction was surplusage. It is also true that it may have confused the jury. However, it may be said with reason that any error inherent in the giving of such charge was at least partially induced by plaintiff, herself, in that she filed the ambiguous pleading in the first instance, and further in that she remained silent instead of seeking correction of the pretrial order which erroneously injected "passenger for hire" as an issue. However, we need not determine the effect of that instruction. There can be no question now as to the meaning of the allegations of plaintiff's second cause of action. The case will have to be retried because of failure to instruct the jury in regard to those allegations. On the second trial, no issue of "passenger for hire" will be involved.

In addition to the matters discussed above, plaintiff contends that the trial court erred in instructing the jury on the doctrine of assumption of risk. There is no question but that the pleadings (and pretrial order) attempted to create such an issue. Plaintiff seizes upon defendant's own testimony (to the effect that he was not intoxicated when the party

[3]No contention having been made on appeal that the two proffered instructions were improper in any manner other than being outside the issues, we do not pass upon the propriety of their language.

entered the automobile) as indicating that there was no evidence on which to submit the issue to the jury. But plaintiff overlooks the fact that her own testimony, and that of other witnesses, raised ample inference that she knew that defendant had been drinking, and appreciated the risk involved. ▮ It is well settled that it is not error to give an instruction on a theory advanced by a party if there is any evidence on which to base it. ▮ The question presented is whether the record contains any evidence, including inferences to be drawn from the circumstances, that plaintiff knew and appreciated the danger (*Ziegler* v. *Santa Cruz etc. School Dist.*, 193 Cal.App.2d 200, 203 [13 Cal.Rptr. 912]). Thus the instruction on assumption of risk was proper.

Other specifications of error are assigned. They need not be reviewed at this time. They are not likely to recur on a retrial.

The judgment is reversed.

Gibson, C. J., Traynor, J., Tobriner, J., and Peek, J., concurred.

McCOMB, J.—I dissent.

In my opinion, the issue of "involuntary occupant" was not properly in the case.

In plaintiff's first cause of action she alleged that she was a guest in defendant's car and that he was intoxicated at the time of the accident. In her second cause of action she alleged simply that she was "a passenger in the said automobile" and was injured by defendant's negligent driving.

The answer pleaded a general denial, contributory negligence, and assumption of risk.

In the joint pretrial statement the issues were limited to (a) "Whether plaintiff was a guest or a passenger," (b) defendant's intoxication and negligence, and (c) plaintiff's contributory negligence and assumption of risk.

The pretrial order recited the issues thus agreed upon, but set forth that under her second cause of action plaintiff had alleged that she was a passenger "for hire" at the time of the accident. The parties subsequently stipulated to defendant's denial of the latter allegation.

An "involuntary occupant" does not come within the classification of either guest or passenger. (*Rocha* v. *Hulen*, 6 Cal.App.2d 245, 254 [44 P.2d 478].)

It is thus clear that the issue of involuntary occupant was

not raised by the pleadings or by the pretrial order.

Plaintiff contends that her purported status as an involuntary occupant became an issue during the trial itself and was litigated. In my opinion, this contention is not correct. It is not enough merely to find that there was testimony somewhere in the transcript which might be construed to indicate that plaintiff was an involuntary occupant.

It is settled that where the parties and the court proceed throughout the trial upon the theory that a certain issue is presented for adjudication, both parties are thereafter estopped from claiming that no such issue was in controversy even though it was not actually raised by the pleadings. However, such principle of estoppel operates only where it appears from the record on appeal that the issue was actually and intentionally tried by the introduction of pertinent evidence and that the party against whom the estoppel is invoked consciously participated or acquiesced in such trial as if the issue had been made by the pleadings. (*Miller* v. *Peters*, 37 Cal.2d 89, 93 [2, 3] [230 P.2d 803].)

In the present case there is no showing that the issue of involuntary occupant was "actually and intentionally tried" or that defendant "consciously participated or acquiesced" in such trial.

Defendant did not object to the introduction of certain evidence relating to plaintiff's protests and request for an opportunity to get out of the car, but that evidence was admissible because relevant to the pleaded issues of contributory negligence and assumption of risk.

It frequently happens that evidence which is admissible to establish one issue may tend to establish an issue other than that for which it is offered. It is the rule that evidence so introduced is available to establish any of the issues in the case. However, this rule is limited to the issues which are to be tried. Accordingly, evidence which is relevant to an issue actually raised by the pleadings cannot be considered as authorizing the determination of an issue not presented. (*Inouye* v. *Pacific Gas & Elec. Co.*, 53 Cal.2d 361, 366 [1] et seq. [1 Cal.Rptr. 848, 348 P.2d 208]; *Lein* v. *Parkin*, 49 Cal.2d 397, 401 [5] [318 P.2d 1]; *Miller* v. *Peters, supra*, 37 Cal.2d 89, 93 [4].)

*Vaughn* v. *Jonas*, 31 Cal.2d 586 [191 P.2d 432], is in accord with the foregoing rules. In that case the plaintiff was awarded compensatory and punitive damages for battery. One of the questions before us was whether the trial court properly

submitted the issues of malice and punitive damages to the jury in view of the fact that the complaint neither expressly pleaded malice nor prayed for such damages. Analyzing the allegations of the complaint and the answer, we held that "malice was at all times an issue encompassed by the pleadings." (*Vaughn* v. *Jonas, supra,* at p. 604.) No such conclusion appears in the present case with respect to the issue of "involuntary occupant."

I would affirm the judgment.

Schauer, J., concurred.