[Civ. No. 8254. Fourth Dist., Div. Two. Feb. 20, 1967.]

DOLORES A. SAND, Plaintiff and Appellant, v. MARY LOU MAHNAN, Defendant and Respondent.

681

William A. Dougherty for Plaintiff and Appellant.

Flaum & Sheehy, Patrick F. Sheehy and Henry F. Walker for Defendant and Respondent.

KERRIGAN, J.—In the early evening of Friday, March 29, 1963, defendant telephoned plaintiff and requested that plaintiff accompany her to Los Angeles from Santa Ana. Defendant was 24 years of age and had known plaintiff socially for a period of approximately two months. Plaintiff was a licensed driver while defendant only possessed a learner's permit. Defendant required the presence of a licensed driver

to lawfully operate her car, and the purpose of the trip was to pick up a young child who was a relative of the defendant. Plaintiff had ridden with defendant on previous occasions inasmuch as the two young ladies had visited various beach cities during their brief social relationship, and because of their friendship, obviously enjoyed being in each other's company.

Shortly after the telephone conversation, defendant arrived at plaintiff's residence accompanied by her mother. Defendant drove the Corvair, plaintiff rode in the right front seat, and defendant's mother, who did not know how to operate a motor vehicle, sat in the right rear seat.

The three ladies departed from Santa Ana for Los Angeles between 6:45-7 p.m. and were proceeding north on the Santa Ana Freeway when the accident occurred between 7:20-7:30 p.m. Darkness had descended, vehicle lights were on, and the traffic flow, which was initially "moderate" in the three northbound lanes, eventually became "heavy."

Defendant drove primarily in the middle lane and the speed of defendant's vehicle varied between 55-70 m.p.h. Defendant changed lanes frequently, proceeding into the left "fast" lane and then back to the middle lane in order to pass other cars.

Plaintiff was aware that defendant possessed only a learner's permit, was taking driving lessons at a college, had not previously driven on a freeway, and was cognizant of the speed at which the Corvair was traveling in moderate to heavy traffic, but never directed nor advised defendant, choosing to remain silent as to the manner in which defendant was operating the car. Immediately prior to the accident, plaintiff reached down to the floorboard, removed a cigarette from her purse, and as she resumed her normal sitting position, observed that they were practically on top of a vehicle in front of them in the middle lane. Defendant applied the brakes, swerved to the left, missed the car in the middle lane, struck the divider and ricocheted off the divider into another car in the "fast" lane. Plaintiff and defendant's mother sustained injuries in the collision, and plaintiff initiated this action on the theory of negligence for recovery of damages. Willful misconduct and intoxication were not in issue.

Following a jury trial, a verdict was handed down in favor of defendant, and plaintiff appeals from the judgment resulting therefrom.

Plaintiff maintains (1) plaintiff was a passenger as a mat-

ter of law and the court should have so instructed the jury rather than permitting the jury to determine plaintiff's status as a passenger or guest; (2) erroneous refusal of the court to give certain of plaintiff's instructions relating to guest-passenger status; (3) instructions on doctrines of assumption of risk and contributory negligence were improper because of insufficiency of the evidence to justify such instructions; (4) refusal to give *res ipsa loquitur* instruction constituted error; and (5) improper argument by defense counsel.

Section 17158 of the Vehcile Code provides in pertinent part that ''No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride . . . has any right of action for civil damages against the driver of the vehicle . . . on account of personal injury to . . . the guest during the ride, unless the plaintiff . . . establishes that the injury . . . proximately resulted from the intoxication or willful misconduct of the driver.'' The primary policy underlying the guest statute is to prevent recovery for ordinary negligence by a guest who has accepted the hospitality of the owner (*Martinez* v. *Southern Pacific Co.*, 45 Cal.2d 244, 253 [288 P.2d 868]; *Kruzie* v. *Sanders*, 23 Cal.2d 237, 242 [143 P.2d 704]; *Bowman* v. *Collins*, 181 Cal. App.2d 807, 814 [5 Cal.Rptr. 776]); a secondary policy is to prevent collusive suits between friends where the driver admits negligence in order to shift the burden to his insurance carrier. (*Stephan* v. *Proctor*, 235 Cal.App.2d 228, 230 [45 Cal.Rptr. 124]; 26 Cal.L.Rev. 251, 252.) The benefit to the driver must be something more than simply the pleasure of the rider's company; the mere extension of customary courtesies of the road does not destroy the host and guest relationship, if nothing more is involved than the exchange of social amenities or reciprocal hospitality. (*Ray* v. *Hanisch*, 147 Cal. App.2d 742, 749 [306 P.2d 30]; *Stephan* v. *Proctor, supra*; *Martinez* v. *Southern Pacific Co., supra*, 45 Cal.2d 244, 250-251.) However, the tangible benefit need not be monetary (*Clapp* v. *Hester*, 169 Cal.App.2d 558, 559 [337 P.2d 525]), but in order to constitute a tangible benefit, there must be a return which makes it worth the driver's while to furnish the ride. (*Crawford* v. *Foster*, 110 Cal.App. 81, 84 [293 P. 841].) The tangible benefit, not mere pleasure, kindness or friendship, must be the principal inducement for the ride to constitute compensation (*Tucker* v. *Landucci*, 57 Cal.2d 762, 766 [22 Cal.Rptr. 10, 371 P.2d 754]; *Gillespie* v. *Rawlings*, 49 Cal.2d 359, 364 [317 P.2d 601].) Normally, it is a factual

issue whether the principal inducement for a ride is friendship, kindness, pleasure, or a bargained-for ride. (*Baker* v. *Novak*, 144 Cal.App.2d 514, 518 [301 P.2d 257]; *Stephan* v. *Proctor, supra*, 235 Cal.App.2d 228, 231.) It is specifically a factual issue for the trier-of-fact's determination when the rider and driver are friends, the driver has only a learner's permit, the rider is a licensed driver, and the evidence is conflicting as to the primary inducement for the ride. (*Roberts* v. *Craig*, 124 Cal.App.2d 202, 211 [268 P.2d 500, 43 A.L.R.2d 1146].)

Plaintiff has taken the position that as a matter of law her status was that of a passenger for compensation and not that of a guest in the vehicle. However, there is credible evidence in the record to the effect genuine friendship existed between the driver and plaintiff, and the principal or motivating influence for plaintiff accompanying defendant was based on the social factor. Furthermore, plaintiff testified that she would have accompanied defendant to Los Angeles in the event defendant had been a duly licensed driver and, consequently, the motivating influence for the ride was clearly based on social considerations. Plaintiff was certainly not a passenger for monetary compensation and the law is clear that where the main or motivating influence for accompanying the owner is predicated on a social or friendship relationship, the rider is not a passenger as a matter of law. (See *Winn* v. *Ferguson*, 132 Cal.App.2d 539, 543 [282 P.2d 575]; *Stephan* v. *Proctor, supra*, 235 Cal.App.2d 228, 231-232.) Even where expenses of the trip are shared on a purely social or pleasure trip, the main purpose of the trip being the *joint pleasure* of the participants, the rider is not a passenger but a guest. (See *McCann* v. *Hoffman*, 9 Cal.2d 279, 285 [70 P.2d 909].)

The words contained in the statute "giving compensation for such ride" signify the giving of some "tangible benefit" to the person who furnished the ride, such benefit being the motivating influence for supplying the transportation. (*Nault* v. *Smith*, 194 Cal.App.2d 257, 262 [14 Cal.Rptr. 889].) The court was fully justified in submitting the issue as to plaintiff's status to the jury for the purpose of determining the principal inducement for the ride. (See *Roberts* v. *Craig, supra*, 124 Cal.App.2d 202, 211; *Baker* v. *Novak, supra*, 144 Cal.App.2d 514, 518; *Stephan* v. *Proctor, supra*, 235 Cal.App.2d 228, 231.)

It should be further noted that the plaintiff herself requested the giving of the instruction commonly designated

as BAJI 209, the substance of which submits the issue of the passenger-guest status to the jury for its determination as a question of fact, and therefore plaintiff is in no position to complain because she, herself, in the trial court, took the position that it was a question of fact for the jury's determination as reflected by her submission of the proposed instruction on the subject. (See *Brown* v. *Kiely*, 126 Cal.App.2d 191, 193 [271 P.2d 928].)

Plaintiff next asserts error in the refusal of the court to give certain instructions, the first of which is the following: "As the guest statute is in derogation of common law, it must be strictly construed against the driver." (*Prager* v. *Isreal*, 15 Cal.2d 89, 93 [98 P.2d 729].) However, the guest statute must be interpreted in accordance with the intent of the Legislature, and the primary policy underlying the statute is to prevent recovery for ordinary negligence by a guest in an automobile who has accepted the hospitality of the owner or driver. (*Martincz* v. *Southern Pacific Co., supra*, 45 Cal.2d 244, 253.) Furthermore, the interpretation or construction of a statute is one of law for determination by the court and is not a question of fact for determination by the jury. (Evid. Code, § 310 [formerly Code Civ. Proc., § 2102]; *Estate of Madison*, 26 Cal.2d 453, 456-457 [159 P.2d 630]; *County of Monterey* v. *Madolora*, 171 Cal.App.2d 840, 841 [341 P.2d 333].) Consequently, the court properly refused the instruction inasmuch as the matter of interpretation or construction of the guest statute was purely a legal question.

Plaintiff next urges that the following instruction should have been given: "Where the transportation is provided for a consideration or benefit accruing to the driver, liability is imposed for ordinary negligence proximately causing the injury," and relies on *Conway* v. *Gurney*, 181 Cal. App.2d 239 [5 Cal.Rptr. 248]. The cited case was an action by a conceded guest based on the theory of willful misconduct. Furthermore, the court herein rendered BAJI 209, which defined the difference between a passenger and a guest as well as the distinction in the driver's liability. Plaintiff's proposed instruction was inadequate in that it omitted the requirement that the consideration or benefit conferred by the rider on the driver-owner must be the chief motivating influence for the transportation. (See *Stephan* v. *Proctor, supra*, 235 Cal.App.2d 228; *Nault* v. *Smith, supra*, 194 Cal.App.2d 257.)

The following instruction proffered by plaintiff was

likewise refused by the court: "A licensed operator riding with a person who possesses only a learner's permit does not as a matter of law assume the risk of the driver's negligence. If it were the law, no one would ride with, or attempt instruction to, such a student driver." In support of the quoted instruction, plaintiff cites as authority the case of *Jennings* v. *Hodges* (1964) 80 S.D. 582 [129 N.W.2d 59], rhg. den. The *Jennings* case reflects the only reason the plaintiff therein went on the trip was so defendant would have a licensed driver in the car with her. However, the Supreme Court of South Dakota was not considering the propriety of the instruction and only used the quoted language in its reasoning in support of its determination of the case. California reviewing courts have frequently criticized the practice of taking excerpts from opinions and indiscriminately changing them into jury instructions inasmuch as when only a partial rule is given, or an inadequate statement of legal principle is contained in such an offered instruction, the resultant product has the effect of misleading the jury for many of such instructions are argumentative in character. (See *Fibreboard Paper Products Corp.* v. *East Bay Union of Machinists,* 227 Cal. App.2d 675, 718 [39 Cal.Rptr. 64]; *Sloan* v. *Stearns,* 137 Cal.App.2d 289, 300 [290 P.2d 382].) Plaintiff's proposed instruction was clearly argumentative in nature.

■ The court likewise refused to give the following instruction offered by plaintiff: "In deciding whether a rider is a guest or a passenger, if the evidence can give rise to but one reasonable conclusion, the question becomes one of law," and as authority therefor plaintiff cites *Clapp* v. *Hester, supra,* 169 Cal.App.2d 558. In the *Clapp* case, it was noted that when the guest law is involved, a rider claiming the status of passenger has the burden of proving that compensation was given for the ride. In the cited case, the undisputed evidence established that the rider and driver were on a business trip in which each was interested both for himself and for his employer, with a business benefit flowing from rider to driver. However, in the case under consideration, there was no such business benefit or relationship and, as previously indicated, the factual question of whether plaintiff was a passenger or guest was properly submitted to the jury. (See *Nault* v. *Smith, supra,* 194 Cal.App.2d 257, 266.)

■ The trial judge instructed the jury relative to the doctrine of assumption of risk and plaintiff maintains that the evidence was insufficient to permit instruction on the doctrine.

The following specific instruction was given: "One of the issues to be determined in this case is whether the plaintiff assumed the risk of riding with the defendant, which plaintiff alleges caused the harm of which she here complains. . . ." In general, the elements of assumption of the risk are a person's knowledge and appreciation of the danger involved and his voluntary acceptance of the risk. (*Hidden* v. *Malinoff*, 174 Cal.App.2d 845, 850 [345 P.2d 499]; *Prescott* v. *Ralphs Grocery Co.*, 42 Cal.2d 158, 162 [265 P.2d 904].) Assumption of risk is only an issue where there is evidence that the nature and magnitude of the risk undertaken are fully known and appreciated by the person against whom the doctrine is asserted. (*Hidden* v. *Malinoff, supra*; *Hook* v. *Point Montara Fire etc. Dist.*, 213 Cal.App.2d 96 [28 Cal.Rptr. 560].) Instructing on the doctrine of assumption of risk where there is no evidence that plaintiff had actual knowledge of the specific danger involved constitutes prejudicial error. (*Vierra* v. *Fifth Avenue Rental Service*, 60 Cal.2d 266, 275 [32 Cal.Rptr. 193, 383 P.2d 777].) However, it is not error to give an instruction on a theory advanced by a party if there is any evidence at all on which to base it, although this evidence may be slight or inconclusive. (*Ziegler* v. *Santa Cruz etc. School Dist.*, 193 Cal. App.2d 200, 203 [13 Cal.Rptr. 912]; *Washington* v. *City & County of San Francisco*, 123 Cal.App.2d 235, 238 [266 P.2d 828]; *Brandes* v. *Rucker-Fuller Desk Co.*, 102 Cal.App. 221, 227 [282 P. 1009]; *Rabago* v. *Meraz*, 60 Cal.2d 55, 62 [31 Cal.Rptr. 777, 383 P.2d 129]; *Chapman* v. *Reliance Equipment Co.*, 214 Cal.App.2d 221, 224 [29 Cal.Rptr. 500].) The question is whether the record contains any evidence, including inferences to be drawn from the circumstances, that plaintiff knew and appreciated the danger (*Rabago* v. *Meraz, supra*; *Ziegler* v. *Santa Cruz etc. School Dist., supra*.) Plaintiff asserts that she had only ridden with the defendant on three or four occasions before the accident, but knew that defendant had taken driving instructions at a local college. Plaintiff contends she had no knowledge that the defendant at any time drove her motor vehicle in a negligent, careless or dangerous manner, and knowledge of danger is a prerequisite to the application of the doctrine. (See *Hidden* v. *Malinoff, supra*.) There was substantial evidence to the effect the parties had known each other for a period of approximately two months and the plaintiff knew that only six weeks prior to the accident defendant first obtained a learner's permit. Numerous cases subscribed to the view that a guest may

accept or assume the risk incident to the host's lack of experience or skill in driving. (See 43 A.L.R.2d 1155, 1160-1162.) The evidence further discloses that defendant had never before driven on a freeway artery, and the trip to Los Angeles was a distance of 40 miles in each direction. The trip was undertaken at nighttime on a Friday evening between 7-7:30 p.m., and plaintiff certainly had knowledge of the moderate-to-heavy traffic flow. Plaintiff was a licensed driver and familiar with defendant's lack of driving experience. Plaintiff further was cognizant of the traffic conditions and defendant's rate of speed of 55-70 m.p.h. immediately prior to the accident. Such knowledge, when coupled with the factors involving frequent changes in lane position, represented an awareness of negligent conduct on the part of the defendant-driver which justified the giving of the instruction on assumption of risk. (See *Cowan* v. *Bunce,* 212 Cal.App.2d 48, 54 [27 Cal.Rptr. 758] ; *Prescott* v. *Ralphs Grocery Co., supra,* 42 Cal.2d 158, 162.) The instruction was further required for the edification of the jury in light of the rule that it is a factual question whether a licensed operator, by riding with a person who possesses only an instruction permit, assumes the risk of the driver's negligence. (*Roberts* v. *Craig, supra,* 124 Cal.App.2d 202, 212.)

 The court gave an instruction defining contributory negligence and plaintiff charges that there was no evidence of contributory negligence. However, a summary of the evidence previously outlined reflects that plaintiff knew or should have known of the defendant-driver's lack of experience in driving at night at a fast rate of speed on a freeway burdened with heavy traffic. Further, plaintiff was a licensed driver and had knowledge that defendant possessed only a learner's permit and yet did not undertake any supervisorial control over the defendant but remained silent and failed to advise the driver of the duty to use reasonable care in the operation of the vehicle. These evidentiary facts were properly submitted to the jury for its consideration in determining whether plaintiff exercised due care. Furthermore, the record indicates that plaintiff requested instructions on the doctrine of contributory negligence, and having requested such an instruction, is not now in a position to claim the court erred in instructing thereon. (*Hazelett* v. *Miller,* 115 Cal.App.2d 801, 804-805 [252 P.2d 997] ; *Fuentes* v. *Panella,* 120 Cal.App.2d 175, 182 [260 P.2d 853] ; *Kyle* v. *Stone,* 234 Cal.App.2d 286, 289-290 [44 Cal.Rptr. 390].)

■ Without citing authority, plaintiff asserts the court erred in refusing an instruction on *res ipsa loquitur*. Because of the lack of authority and failure to discuss the issue in the brief, the claim of error should not be considered. (*Kelley* v. *Bailey*, 189 Cal.App.2d 728, 739 [11 Cal.Rptr. 448].) However, the three conditions for application of the doctrine are defined as follows: (1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff. (*Ybarra* v. *Spangard*, 25 Cal.2d 486, 489 [154 P.2d 687, 162 A.L.R. 1258]; *Preston* v. *Hurtt*, 196 Cal.App.2d 781, 788 [16 Cal.Rptr. 860].) An essential element of the doctrine is defendant's exclusive control of the vehicle. In the event the jury had found plaintiff was a passenger rather than a guest, the motivating influence for plaintiff's presence in the vehicle would have been based on the fact that defendant-driver had only a learner's permit and, as a permittee, defendant would have been ''under the immediate supervision of'' the licensee. (Veh. Code, § 12509.) Consequently, if the jury had found that plaintiff was a passenger, the defendant-driver, as a driving student, would have been subject to the control of plaintiff in accordance with the express terms of the vehicle code. *Res ipsa loquitur* would have been inapplicable because defendant would have lacked exclusive control of the car. The court properly refused the instruction because such an instruction would have been erroneous in the event the jury found plaintiff a passenger. There was further evidence that the doctrine was inapplicable because the injury might have been caused by plaintiff's contributory negligence or other concurring causes. (See *Brocato* v. *Standard Oil Co.*, 164 Cal.App.2d 749, 757 [331 P.2d 111].)

■ In his closing argument defense counsel stated: [Defense Counsel:] ''. . . I have a wife and family, and I would never drive with somebody who only had a permit for six weeks, on the Santa Ana Freeway at night, changing lanes, at 65 miles per hour. [Plaintiff's Counsel:] ''Your Honor, this is improper. I'm sorry, I don't want to object, but this isn't proper. [The Court:] ''Well, the argument should be in the abstract. It isn't what any one individual might do. [Defense Counsel:] ''Well, yes, thank you, your Honor, that's right. I shouldn't have said as to what I would

do. I don't think anybody would do it who has an ounce of brains." Plaintiff, without citing authority, maintains that defense counsel's remarks constituted prejudicial error. However, the argument not only appears proper, but plaintiff's counsel did not object to the statement as rephrased, and it was incumbent upon plaintiff's counsel to object to the argument as re-stated in order to now assert the point on appeal. (*Horn* v. *Atchison, T. & S.F. Ry. Co.*, 61 Cal.2d 602, 610-611 [39 Cal.Rptr. 721, 394 P.2d 561].)

Judgment affirmed; purported appeal from order denying motion for new trial dismissed. (*Rodriguez* v. *Barnett*, 52 Cal.2d 154, 156 [338 P.2d 907].)

McCabe, P. J., and Tamura, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 19, 1967.