[Civ. No. 22705.   First Dist., Div. Three.   Mar. 28, 1967.]

GEORGE T. MacLACHLAN et al., Plaintiffs and Appellants, v. LESLIE H. LUTZ et al., Defendants and Respondents.

Partridge, O'Connell, Partridge & Fall and Frederick J. Woelflen for Plaintiffs and Appellants.

Crist, Peters, Donegan & Brenner and John M. Brenner for Defendants and Respondents.

DRAPER, P. J.—Plaintiff lessors sought recovery from defendant lessees for extensive fire damage to the leased premises. Judgment on jury verdict was for defendants, and plaintiffs appeal. Both original plaintiffs have died, and their personal representatives have been substituted.

Defendant lessees operated an automobile sales agency and garage on the leased premises. Occasionally, an automobile purchaser required application of underseal to his newly purchased car, and lessees did this work. A spray gun, electri-

cally operated, was used to apply a highly inflammable substance. At the time of the fire, defendants' employee Jones was undersealing a car which had been raised on a hoist rack. As Jones neared completion of the job, he adjusted the hoist slightly to get a better look at the area beneath the car. "I backed up against the wall . . . And that's when all the commotion started." He felt a shock, dropped the gun, the compound ignited, the car burned, and the building was badly damaged as the fire spread. There is evidence that a fuse box was located on the wall which Jones said he backed against. The fire inspector's report, introduced in evidence, quotes Jones as saying that his spray nozzle hit an electrical switch box conduit or double electrical outlet."

The Palo Alto fire code required that spraying of inflammable liquids be conducted only in a spray booth the walls of which would resist a fire for one hour, and that any electrical equipment used in the booth be grounded. It also required a permit for spraying. The Electrical Code made comparable requirements, and also prohibited fuse boxes in such a booth. These requirements were not met here. The lease required defendant lessees to comply with all regulations of governmental bodies affecting the use of the premises. It also prohibited alteration of the premises by lessees without written consent of lessors.

The fire and electrical inspectors of the city concluded that the fire was caused by a spark of static electricity. The former also concluded that the fire was preventable, its spread having resulted from the absence of a booth with one hour fire wall. This inspector had made frequent inspections of the garage, and knew of the undersealing operations. He had never suggested installation of a spray booth, because the operation was but sporadic.

There is evidence that the lessees sought permission to construct a spray booth, and that lessor MacLachlan refused it. There is also testimony that lessor Bleibler's son acted as her agent in matters concerning the building, that he inspected the building often, was aware of the undersealing operations, and consented to them, knowing that the substance used was inflammable. He had owned and operated an iron works for some 20 years, and was also a teacher of shop in a high school.

■ We cannot accept appellants' claim that there is no evidence to show Robert Bleibler's agency for his mother in management and inspection of the property. His own testimony suffices. He had no written power of attorney, but noth-

ing he did required written authority. Since his agency rested in parol, it could be established at trial by his own testimony (*Sokolow* v. *City of Hope,* 41 Cal.2d 668, 674 [262 P.2d 841]). Here there was no resort to extrajudicial statements of the agent, which cannot be used to establish the agency.

Appellants attack the instruction on assumption of risk. They do not suggest error in its form, but urge that the evidence did not warrant it.

It is well settled in California that such an instruction is warranted only when there is evidence that plaintiff had actual knowledge of the particular risk, and also appreciated the magnitude thereof (*Shahinian* v. *McCormick,* 59 Cal.2d 554, 567 [30 Cal.Rptr. 521, 381 P.2d 377]). The test is met if there is evidence to show that plaintiff must have had knowledge of the hazard. Evidence merely that ordinary care could or should have led to its discovery relates only to contributory negligence, and not to assumption of risk (*Grey* v. *Fibreboard Paper Products Co.,* 65 Cal.2d 240, 244-245 [53 Cal.Rptr. 545, 418 P.2d 153]). Of course, the evidence need not establish plaintiff's knowledge as a matter of law. The issue goes to the jury if there is any evidence, including inferences to be drawn from the circumstances, that plaintiff knew and appreciated the danger (*Rabago* v. *Meraz,* 60 Cal.2d 55, 62 [31 Cal.Rptr. 777, 383 P.2d 129]).

The fire inspector testified that the absence of a spray booth of fire resistant walls was the cause of the damage to the building. There is evidence that the agent of one lessor was fully aware of the spraying operations and of the inflammable nature of the material sprayed. His long experience as the operator of an iron works and as a shop teacher could be inferred to give him actual knowledge of the risk and its magnitude. The other lessor had flatly refused lessees' request for permission to install a spray booth. Thus the one consented to, and the other prevented the required cure of, the condition which plaintiffs' own expert said caused the damage. The jury could find that lessors knew of the risk which caused the loss, as well as the magnitude of the risk involved in failing to provide a method of containing the readily foreseeable fire. Under the evidence here, instruction on assumption of risk was proper.

Of course, ignition of the spraying compound is not directly attributable to absence of a proper spray booth. But the subject of this action, the "risk" here involved, is the dam-

age to lessors' building. In the inspector's expert opinion, that loss was caused by the absence of a spray booth. In light of the verdict upon that evidence, appellants' asserted ignorance of the lack of grounding, which perhaps caused the initial ignition, does not bar instruction on assumption of risk.

Appellants assert that assumption of risk cannot, in any case, constitute a defense here because the fire ordinance is a safety regulation, violation of which cannot be met by claimed assumption of risk. We need not determine whether lessors are within the class sought to be protected by the ordinance. Nor need we consider whether the primary duty of compliance rests upon lessors (see *Finnegan* v. *Royal Realty Co.*, 35 Cal. 2d 409, 423 [218 P.2d 17], and cases there cited). ■ Here, there is no question that a spray booth could be constructed only with lessors' consent. Their consent was sought and refused. They cannot now rely on omission of a structural alteration which they themselves blocked. This direct participation by plaintiffs also defeats their claim of recovery under the lease requirement that lessees return the property in good condition.

■ We find no merit in plaintiffs' assertion of error in the giving of an instruction on contributory negligence. This defense and that of assumption of risk may arise from the same set of facts, and frequently overlap (*Vierra* v. *Fifth Avenue Rental Service,* 60 Cal.2d 266, 271 [32 Cal.Rptr. 193, 383 P.2d 777]). Neither existence nor nonexistence of either defense was established by the evidence as a matter of law. Hence the instructions on both were proper.

Judgment affirmed.

Salsman, J., and Brown (H. C.), J., concurred.

A petition for a rehearing was denied April 27, 1967, and appellants' petition for a hearing by the Supreme Court was denied May 24, 1967.